616 So.2d 236 (1993)
Melville F. BORNE, Jr., Evangeline Health Care, Inc., and Ferncrest Manor, A Partnership In Commendam, Plaintiffs/Appellants,
v.
NEW ORLEANS HEALTH CARE, INC., Sandia Federal Savings & Loan Association, Middleberg, Riddle & Gianna, A Louisiana Law Partnership, and Ara Health Care Management, Inc., Defendants/Appellees.
Nos. 92-CA-0472, 92-CA-0635.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1993.
Rehearing Denied April 20, 1993.
*237 Carl W. Cleveland, George P. Vedros and Tim Scandurro, Cleveland, Barrios, Kingsdorf & Casteix, New Orleans, for plaintiffs/appellants.
Roy C. Cheatwood, Paul L. Peyronnin and Phelps Dunbar, New Orleans, for defendants/appellees.
Before CIACCIO, ARMSTRONG and WALTZER, JJ.
ARMSTRONG, Judge.
Original plaintiffs, Melville F. Borne, Jr. ("Borne"), Evangeline Health Care, Inc. ("Evangeline"), and their attorneys, Carl W. Cleveland ("Cleveland") and George P. Vedros ("Vedros"), appeal from a judgment ordering them to pay La.C.C.P. art. 863 sanctions in the amount of $82,047.84 to defendant, the law firm of Middleberg, Riddle & Gianna ("Middleberg"). The sanctions grew out of the actions of plaintiffs and their attorneys in filing a 33.75 million dollar claim for defamation against Middleberg. We now affirm.
Middleberg was hired to represent New Orleans Health Care, Inc. ("NOHC"), the assignee of Sandia Federal Savings & Loan Association ("Sandia") regarding a loan foreclosure. The defaulted loan had financed the construction of Ferncrest Manor, a nursing home in New Orleans managed by Evangeline. Borne was the principal behind Evangeline, a general partner in Ferncrest Manor and a guarantor on its loan.
At the time foreclosure proceedings were initiated, a series of corporations operated by Borne had applied for certificates of need from the State of North Carolina, Department of Human Resources, Division of Facility Service (DHR,DFS), which were necessary to construct and operate nursing home facilities in that state. The applications were subsequently denied. Plaintiffs claim the certificates of need would have been granted except for the false and malicious statements made by Middleberg to DHR,DFS. Plaintiffs claimed that (1) Middleberg "made false oral and written statements and provided incomplete and inaccurate information to the DHR,DFS"; (2) these statements and/or information were "rumors of insolvency of Borne and Evangeline which were untrue and malicious accusations of criminal wrongdoing"; and (3) the statements caused "approximately thirteen applications" for certificates of need to be rejected when they "would have been granted except for the false, malicious, defamatory and untrue statements made by said attorneys."
Plaintiffs defamation suit was filed in April 1989. Middleberg filed a motion for summary judgment which was granted by the trial court on September 28, 1990. Plaintiffs set forth no specific facts to support their allegations. Middleberg submitted affidavits of two attorneys who communicated with DHR,DFS stating that at no time did they state or otherwise suggest to any representative of DHR,DFS that plaintiffs were insolvent or under investigation for criminal wrongdoing. Middleberg also offered the affidavit of the director of the DHR,DFS department that issued certificates of need who averred that the application would have been disapproved regardless of information from Middleberg because of the failure of plaintiffs' applications to conform to all criteria prerequisite to approval. The rejection letters themselves unequivocally stated that the applications were disapproved because they failed to conform to all the criteria required by North Carolina statute. Plaintiffs appealed the granting of the summary judgment and this court affirmed. Borne v. New Orleans Health Care, Inc., 580 So.2d 1070 (La.App. 4th Cir.1991), writ denied, 586 So.2d 533 (La.1991).
After the trial court granted Middleberg's motion for summary judgment, Middleberg filed a motion for sanctions under La.C.C.P. art. 863 against plaintiffs Borne and Evangeline, and their attorneys, Cleveland and Vedros. On January 10, 1992, the trial court granted Middleberg's motion for sanctions and entered judgment against Borne, Evangeline, Cleveland and Vedros, in solido, for $41,023.92, one-half of the total damages, and against Borne, Evangeline and Cleveland, in solido, for $41,023.92, *238 the other one-half of the total damages, for a total of $82,047.84 in sanctions.
The award of damages to Middleberg represented $52,047.84 for past attorney's fees, i.e., those incurred from the filing of suit until the granting of summary judgment, and $30,000 for fees incurred from the granting of summary judgment through its appeal, and for those fees incurred for prosecuting this motion for sanctions. No award was made for Middleberg's out-of-pocket expenses. Borne, Evangeline, Cleveland and Vedros now appeal.
La.C.C.P. art. 863 provides in pertinent part as follows:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
* * * * * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
Article 863 requires the signing, certifying attorney or litigant to make an objectively reasonable inquiry prior to signing the pleading. Diesel Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La.App. 2d Cir.1990); Loyola v. A Touch of Class Transp. Service, Inc., 580 So.2d 506 (La.App. 4th Cir.1991); Romero v. Chris Crusta Flying Service, Inc., 587 So.2d 803 (La.App. 3d Cir.1991). Subjective good faith does not satisfy article 863's duty of reasonable inquiry. Fairchild v. Fairchild, 580 So.2d 513 (La.App. 4th Cir.1991); Loyola v. A Touch of Class Transp. Service, Inc., supra; Diesel Driving Academy, Inc. v. Ferrier, supra. The rule applies to the signing of pleadings, motions and other papers and imposes upon attorneys and litigants affirmative duties as of the date the document is signed. Fairchild v. Fairchild, supra; Loyola v. A Touch of Class Transp. Service, Inc., supra; Murphy v. Boeing Petroleum Services, Inc., 600 So.2d 823 (La.App. 3d Cir.1992). The affirmative duties are personal and non-delegable. Diesel Driving Academy, Inc. v. Ferrier, supra. The signing attorney must satisfy himself, by application of his own judgment, that the pleading is factually and legally responsible. Id. Article 863 is intended for exceptional circumstances; it is not violated simply because a party's argument or ground for relief is subsequently found unjustified. Fairchild v. Fairchild, supra; Murphy v. Boeing Petroleum Services, Inc., supra.
The following elements must be established to maintain an action in defamation: (1) defamatory words; (2) publication; (3) falsity; (4) actual or implied malice; (5) injury. Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So.2d 196 (La.1980). In its reasons for judgment the trial court noted that following Middleberg's filing of its first motion for summary judgment, plaintiffs requested and were granted a continuance in order to take depositions. The court found that despite this continuance,
"[P]laintiff made no concerted effort to even gather any semblance of evidence which could in any manner reasonably support their dastardly allegations against the Middleberg lawfirm [sic]. Depositions were cancelled, no personal contacts were made, and nothing worthwhile was pursued in the furtherance of their lawsuit. Plaintiffs, to the contrary, *239 were content to let the allegations stand against the Middleberg lawfirm [sic] to suit plaintiffs' scheming purposes.
The court went on to state:
From a review of the record it can be clearly shown that had the plaintiffs, or their counsel made the slightest inquiry they would have determined without the least bit of difficulty that there existed no legal nor factual basis for the lawsuit....
* * * * * *
This Court cannot tolerate the behavior of the parties who act in an incurious manner and who make speculative and unsupported allegations of fraud and malicious activity against a reputable lawfirm [sic]. And this court imputes bad faith on the part of plaintiffs and their counsel because the truth could have been easily discovered by a simple investigation of the accuracy of the facts. This court is convinced that suit was filed and the Middleberg Firm joined solely because a bankruptcy hearing was scheduled for April 14, 1989 and plaintiffs and their counsel wanted to appear to have claims and assets over and above their actual worth...."
On appellate review, a trial court's finding as to a sanctionable violation of C.C.P. art. 863 may not be disturbed unless the record furnishes no evidence to support the finding, or the finding is clearly wrong. See Loyola v. A Touch of Class Transp. Service, Inc., supra; Diesel Driving Academy, Inc. v. Ferrier, supra; Murphy v. Boeing Petroleum Services, Inc., supra; Romero v. Chris Crusta Flying Service, Inc., supra. Once a court determines that a violation of C.C.P. art. 863 has occurred, it has considerable discretion as to the type and severity of sanctions to be imposed. Derouin v. Champion Ins. Co., 580 So.2d 1043 (La.App. 3rd Cir.1991), writ denied, 585 So.2d 574 (La.1991).
Our review of the record leaves us with the firm conviction that there was evidence before the trial court furnishing a basis for the trial court's factual findings as stated in its reasons for judgment, and its ultimate finding that a violation of La.C.C.P. art. 863 occurred. Such a finding is not clearly wrong. The assessment of sanctions in the amount of attorney's fees incurred by Middleberg is supported by the record and is not an abuse of the trial court's discretion.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.