680 So.2d 1232 (1996)
Susan Gail HESTER
v.
William Ewing HESTER, III
No. 96-CA-0189.
Court of Appeal of Louisiana, Fourth Circuit.
September 11, 1996.
Writ Denied December 6, 1996.
*1233 Lowe, Stein, Hoffman, Allweiss & Hauver, Robert C. Lowe and Ellen Widen Kessler, New Orleans, for Plaintiff/Appellee.
William E. Hester III, New Orleans, In Proper Person, Defendant/Appellant.
Before BARRY, BYRNES and MURRAY, JJ.
BARRY, Judge.
William Hester appeals sanctions of $7,500 plus attorney fees and costs. The issue is whether Mr. Hester's repeated requests for sanctions against Susan Hester and her attorneys were warranted by existing law or a good faith argument for the extension or modification of existing law and were not interposed for an improper purpose such as harassment, delay, or needless increase in the cost of litigation. We affirm.[1]

Facts
The Hesters were divorced in May 1992 and the trial court awarded Mrs. Hester alimony and child support. Mr. Hester's motion for a new trial was denied about June 1993 and he appealed. This Court amended the alimony award, the Supreme Court reversed and reinstated the trial court's judgment. Hester v. Hester, 93-1665 (La.App. 4 Cir. 9/15/94), 643 So.2d 216, rev'd. 94-2575 (La. 12/19/94), 647 So.2d 1095, writ den. 94-2549 (La. 12/19/94), 648 So.2d 404.
In November 1994, prior to the Supreme Court's decision in that matter, Mr. Hester filed a rule to reduce or terminate alimony, modify child support, and impose sanctions against Mrs. Hester and her attorneys for their failure to update discovery after the trial court's May 1992 judgment. He argued that Mrs. Hester had a continuing duty to update discovery and should have notified him that her salary increased in May 1993. Mr. Hester then filed an amended rule to reduce or terminate alimony, modify child support, and impose sanctions. The designated record does not contain the original and amended rules. According to the briefs, the amended rule was filed March 17, 1995.
At the April 26, 1995 hearing on that rule, the trial court denied sanctions, reasoning that Mrs. Hester was not obligated to update discovery because nothing was pending.
You're [sic] suggesting that some duty was created when there was nothing pending before the court, for Mr. Lowe [counsel *1234 for Mrs. Hester] and his staff to provide you with updated financial information on Mrs. Hester is wrong, sir. It [the request for sanctions] is denied.
The trial court then granted Mrs. Hester's exception of no cause of action after argument as to Mr. Hester's rule to reduce alimony and modify child support. The trial court's written judgment is not in the appeal record, and we do not know whether the entire rule was dismissed, including the motion for sanctions. There is considerable confusion surrounding that judgment. Mr. Hester states that the trial court dismissed his rule, then quotes from his brief in the prior appeal from the ruling on the exception of no cause of action, stating "There is some question as to whether the Trial Court made any ruling on Mr. Hester's Rule to Impose Sanctions ... as the issue was not litigated... and the Trial Court's judgment makes no reference to that portion of the Rule."
On or about May 15, 1995 Mr. Hester filed a motion for new trial and a second amended rule to reduce or terminate alimony, modify child support, and for sanctions based on the previous grounds. The new trial was denied and Mr. Hester appealed. This Court reversed the judgment as to the exception of no cause of action and remanded. Hester v. Hester, unpub. 95-CA-1806 (La.App. 4 Cir. 1/31/96), 666 So.2d 737, writ not considered 96-0567 (La. 4/19/96), 671 So.2d 930. The appeal did not consider sanctions. There is no indication in the instant appeal record that Mr. Hester briefed the matter of sanctions.
Mrs. Hester moved for sanctions due to his repeated requests for sanctions against her. At the August 16, 1995 hearing the trial court held that Mr. Hester's persistent requests were without a legal basis and awarded $7,500 in sanctions, $350 attorney fees, and costs.
Mr. Hester argues that sanctions were not warranted; that the record does not support the amount; and the judgment should be reversed because the trial court did not issue written reasons.
We affirm.

Imposition of Sanctions
Mr. Hester asserts that his repeated motions for sanctions against Mrs. Hester were based on a good faith argument for the extension or modification of existing law concerning a party's obligation to update discovery after judgment. He contends that a party who receives alimony should have the duty to update discovery concerning that person's circumstances after the judgment awarding alimony. That argument is novel but there is no support in law or jurisprudence. Without deciding whether Mr. Hester's original motion based on that issue warranted sanctions, we hold that the trial court did not abuse its discretion by imposing sanctions on Mr. Hester following his repeated requests based on identical unfounded grounds.
La. C.C.P. art. 863 authorizes sanctions for an attorney's false certification of a pleading.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal or existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. [Emphasis added.]
If the court determines that an attorney violated Art. 863 the court "shall impose" an appropriate sanction. La. C.C.P. art. 863(D).
The standard of appellate review is "abuse of discretion." Brandt v. St. Bernard Parish School Bd., 93-0457, 93-1416 (La. App. 4 Cir. 6/7/95), 657 So.2d 1345, 1350, rev'd. in part on other grounds, 95-2274 (La. 12/15/95), 664 So.2d 436; Loyola v. A Touch of Class Transportation Service, Inc., 580 So.2d 506, 509 (La.App. 4th Cir.1991). Loyola held that standard "is nothing more or less than the `manifestly erroneous' or `clearly wrong' criteria." Borne v. New Orleans *1235 Health Care, Inc., 616 So.2d 236, 239 (La. App. 4th Cir.), writ den. 623 So.2d 1332 (La.1993) held that the manifest error standard applies to the trial court's finding of whether a sanctionable violation of Art. 863 occurred, and the abuse of discretion standard applies to the type and severity of sanction imposed.
Factors to determine whether reasonable legal inquiry was made include 1) the time available for the attorney to prepare the document; 2) the plausibility of the legal view contained in the document; 3) the pro se status of the litigant; 4) the complexity of the legal and factual issues. Loyola v. A Touch of Class Transportation Service, Inc., 580 So.2d at 510; Penton v. Clarkson, 93-0657 (La.App. 1 Cir. 3/11/94), 633 So.2d 918, 924.
Art. 863 seeks a balance between the need to curtail abuse of the legal system and the need to encourage creativity and vitality in the law. Loyola, 580 So.2d at 510. There is no breach if a party and counsel in good faith decide to challenge existing law after reasonable legal research and adequate factual investigation.
Responsible, albeit adventuresome, lawyers must not be sanctioned in those circumstances, especially when they advise the court of existing law and their considered decision to seek its modification or reversal.
Loyola, 580 So.2d at 510, quoting Gaiardo v. Ethyl Corp., 835 F.2d 479 (3d Cir.1987).
The briefs suggest that Mr. Hester's original rule to terminate or reduce alimony, modify child support, and impose sanctions, filed November 1994, alleged that Mrs. Hester's income increased and that she failed to update discovery to reflect that change. He contends her duty continued until the judgment awarding alimony was final after appeal.
A party may not propound discovery where there is no pending proceeding in the trial court. In Fairchild v. Fairchild, 580 So.2d 513 (La.App. 4th Cir.1991), the former husband propounded interrogatories following a judgment granting the former wife visitation of the minor children contingent upon the her receiving psychiatric care. This Court held that the interrogatories were improper because there no proceeding pending, but concluded that sanctions were not warranted under the circumstances.
Even if Mr. Hester's original rule did not warrant sanctions, his repeated motions for identical relief from the same court violated Art. 863. Before the trial court rendered a judgment on that rule, Mr. Hester filed an amended rule in March 1995 which apparently reasserted the same argument. The trial court orally denied his request for sanctions at the April 26, 1996 hearing, then dismissed his rule on an exception of no cause of action. Mr. Hester moved for a new trial and appealed the dismissal. However, instead of seeking appellate review as to sanctions, he filed a second amended rule in the district court based on the same grounds.
Mr. Hester contends that he properly filed the second amended rule because he is permitted as a matter of law to amend his pleadings after dismissal on a peremptory exception. That argument assumes that his motion for sanctions was dismissed on the exception.
Under La.C.C.P. art. 934 a judgment sustaining the peremptory exception shall permit amendment to the petition when the grounds of the objection may be removed by amendment. Doe v. Entergy Services, Inc., 608 So.2d 684, 687 (La.App. 4th Cir.1992), writ den. 613 So.2d 978 (La.1993), cert. den. 510 U.S. 816, 114 S.Ct. 66, 126 L.Ed.2d 35 (1993). The right to amend is qualified by the restriction that the objections to the petition must be curable and the decision to allow amendment is within the trial court's discretion. Id.
Although Mr. Hester had the right to amend his rule, his remedy was to appeal the judgment for a determination of whether the trial court abused its discretion, rather than to amend his pleading. His action and argument demonstrate a disregard of the rules of procedure and the court.
In a seemingly inconsistent argument, Mr. Hester maintains that he was not precluded from filing the amended motion for *1236 sanctions because the trial court's written judgment did not include the denial of sanctions. That argument assumes that his motion for sanctions was not dismissed on the peremptory exception, but was orally denied and not included in the written judgment.
Regardless of whether the written judgment included the ruling on sanctions, Mr. Hester should have sought relief from this Court. The instant appeal does not show that he raised the issue with this Court.
Mr. Hester's second amended rule was filed for an "improper purpose" under Art. 863 and the trial court correctly imposed sanctions.

Amount of Sanctions
Mr. Hester argues that $7,500 is excessive and sanctions should be limited to reasonable expenses.
La.C.C.P. art. 863(D) provides that
an appropriate sanction ... may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
Art. 863 does not limit sanctions to reasonable expenses.
The trial court is in a better position to evaluate Mr. Hester's actions in light of the lengthy history of this case and the procedures which Mr. Hester has employed throughout the litigation. Mr. Hester's tactics are detailed in Judge Waltzer's concurring opinion in Hester v. Hester, 643 So.2d at 224 n. 2, which begins:
The record below demonstrates a regrettable pattern to Mr. Hester's actions in this litigation, and a use of the judicial process to follow his original fraud, misrepresentation and suppression with further oppression of his former wife and family....
The trial court properly evaluated Mr. Hester's violation of Art. 863 and there is no basis to disturb the award.

Reasons for Judgment
Mr. Hester urges this Court to reverse because the trial court did not issue written reasons for judgment.
La. C.C.P. art. 1917 requires that the trial court issue written reasons when requested by a party. When the trial judge does not comply with a timely request for written findings of fact and reasons for judgment, the proper remedy for the aggrieved party is to apply for supervisory writs or move for remand of the case. Seymour v. Seymour, 423 So.2d 770, 775 (La.App. 4th Cir.1982).
In response to Mr. Hester's request for written reasons the trial judge responded:
Request a copy of the transcript from my court reporter. Mr. Hester, they will serve as my written reasons of judgment to you, sir. I can't say it any clearer than I have.
The trial judge explained at length that the sanctions were based on Mr. Hester's repeated assertion of an argument which is unsupported by the law, made in bad faith, and "not even based on logic." She specifically stated that the transcript would serve as her written reasons.
Mr. Hester failed to follow the proper procedure to require separate written reasons. He did not seek this Court's supervisory review and did not file a motion for remand. Reversal is not warranted.

Frivolous Appeal
At oral argument counsel for Mrs. Hester requested attorney fees and costs for this appeal. We deny that request.
While this Court is empowered under La. C.C.P. art. 2164 to award damages for a frivolous appeal, the appellee is required to file either an independent appeal or an answer requesting such damages. Galle v. Orleans Parish School Bd., 623 So.2d 692, 696 (La.App. 4th Cir.1993). Mrs. Hester did not answer the appeal.
The judgment is affirmed.
AFFIRMED.
MURRAY, J., concurs with reasons.
*1237 MURRAY, Judge, concurring.
I concur in the result reached by the majority. I write because I do not agree that this court is without the authority to impose sanctions for a frivolous appeal unless the appellee has requested that sanctions be imposed in either an appeal or an answer to the appeal. I believe that art. 2164 of the Code of Civil Procedure would allow the appellate court to impose sanctions on its own motion if it determines that same are just, legal and proper based on the record on appeal.
NOTES
[1] Mr. Hester is an attorney and represents himself in this matter.