JiCIACCIO, Judge.
In this suit for declaratory judgment, defendant, The Home Insurance Company (hereinafter “Home”), appeals from a trial court judgment granting summary judgment in favor of plaintiff, the law firm of Middle-berg, Riddle & Gianna (hereinafter “MR & G”).
This case arises out a dispute over the award of sanctions under LSA-C.C.P. art. 863 to MR & G. Home issued successive professional liability insurance policies to MR & G, insuring MR & G against liability arising out of the rendering or failure to render professional legal services. In April 1989, Melville Borne, Evangeline Health Care, Inc., and Femcrest Manor, filed a defamation suit in Civil District Court for the Parish of Orleans naming as a defendant MR & G, among others.[1] Pursuant to the professional liability policy, Home paid the attorney’s fees to defend MR & G in the suit.
Eventually, MR & G was dismissed from the action by summary judgment. The Borne plaintiffs appealed the trial court’s granting of summary judgment and we affirmed the judgment in Borne v. New Orleans Health Care, Inc., 580 So.2d 1070 (La. App. 4th Cir.1991), writ denied 586 So.2d 533 (La.1991). Thereafter, MR & G filed a motion for sanctions under LSA-C.C.P. art. 863 against plaintiffs Borne and Evangeline Health Care Co., Inc., and their attorneys, Carl Cleveland and George P. Vedros. In its motion for sanctions, MR & G sought an award of the expenses, including attorney’s fees, incurred as |2a result the frivolous and unsupported pleadings filed in the defamation suit.
On January 10, 1992, the trial court granted MR & G’s motion for sanctions and entered judgment in favor of MR & G and against Borne, Evangeline, Cleveland and Vedros, in solido, for $41,023.92, one-half of the total damages, and against Borne, *740 Evangeline and Cleveland, in solido, for $41,-023.92, the other half of the total damages, for a total sanctions award of $82,047.84. The award of damages to MR & G represented $52,047.84 for past attorney’s fees, i.e., those incurred from the filing of suit until the granting of summary judgment, and $30,000 for fees incurred from the granting of summary judgment through its appeal, and for those fees incurred for prosecuting the motion for sanctions. The trial court awarded MR & G nothing for its out-of-pocket expenses. Borne v. New Orleans Health Care, Inc., 616 So.2d 236, 237-38 (La.App. 4th Cir. 1993), writ denied 623 So.2d 1332 (La.1993).
Vedros paid one-half of the sanction award, $41,023.92, to MR & G, along with interest, for a total of $52,831.52. On February 8, 1994, counsel for Home wrote to MR & G requesting that MR & G forward the $52,-831.52 that it had received from Vedros. In the letter, Home’s attorney stated that the sum was due Home under Section F-Claims on page 7 of 9 of the professional liability policy that Home had issued to MR & G. After receipt of the letter, MR & G filed a petition for declaratory judgment, wherein it sought a judicial declaration of its right to retain the sanctions awarded for attorney’s fees. Home answered the petition praying that the court enter a declaratory judgment decreeing its right to the sanction award.
MR & G filed a motion for summary judgment and Home filed a cross motion for summary judgment. Following argument, the trial court rendered | ajudgment on March 11,1996, which provided:
... there shall accordingly, be judgment herein in favor of Middleberg, Riddle, & Gianna and against the Home Insurance Company, declaring pursuant to Article 1873 of the Code of Civil Procedure, that Section F, subparagraph III, of the aforementioned insurance policy, titled “Subro-gation”, does not entitle Home to demand any sums awarded to Middleberg, Riddle, and Gianna as sanctions pursuant to Article 863 of the Code of Civil Procedure in the suit styled, Borne v. New Orleans Health Care, Inc., 616 So.2d 236 (La.App. 4th Cir.1993)(Some II), writ denied, 623 So.2d 1332.
Home appeals from the judgment arguing that, in view of Section F, subpara-graph III of the insurance policy, the trial court erred in finding that MR & G was entitled to keep the award of sanctions clearly denominated and awarded as attorney’s fees.
Section F, subparagraph III of the policy issued by Home to MR & G reads as follows:
III. Subrogation: In the event of any payment under this policy, the Company shall be subrogated to all the insured’s rights of recovery therefor against any person or organization, and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing to prejudice such rights.
The Company shall not exercise any such rights against any persons, firms or corporations included in the definition of insured. Notwithstanding the foregoing, however, the Company reserves the right to exercise any rights of subrogation against an insured with respect to any claim brought about or contributed to by the intentional, dishonest, fraudulent, criminal or malicious act or omission of such insured.
Any amount so recovered shall be apportioned as follow:
Any recovery shall first be used for the repayment of expenses incurred toward subrogation; second, to loss and/or claim expenses paid by the Company; third, to any loss and expense payment by the insured in excess of |4any deductible(s); fourth, to any loss and expense payments by an excess carrier on behalf of the insured; fifth, to any loss and expense payments by any primary carrier on behalf of the insured; and last, the repayment of the insured’s deductible.
Home argues that it is entitled to the sanctions awarded MR & G in connection with the Borne suit based on the subrogation provision under the policy. Although the language of the policy expressly provides that, in the event of any payment under the policy, the insurer shall be subrogated to all the insured’s rights of recovery, the policy is *741 unclear as to whether a claim for sanctions is a “right of recovery” as contemplated by the parties for subrogation purposes of Section F of the policy. Nonetheless, the subrogation clause in the policy also provides that any amount recovered “shall first be used for the repayment of expenses incurred toward sub-rogation; second, to loss and/or claim expenses paid by the Company.”
It is undisputed that Home expended $105,350.30 in defending MR & G in the Borne ease from the time of filing suit through the final judgment on the appeal of the sanction award. The same attorney paid by Home to defend MR & G in the original suit also brought the rule for sanctions, and filed the brief and successfully argued the appeal on behalf of Home’s insured. His fees for handling the sanctions rule until its finality were also paid by Home. It is also undisputed that the trial court judgment, which we affirmed, awarded MR & G sanctions of $82,047.84 specifically for attorney’s fees in connection with the Borne case. Under these circumstances, we find the trial court erred in holding that Section F, sub-paragraph III, of the insurance policy, titled “Subrogation” did not entitle Home to demand the sums awarded MR & G as sanctions pursuant to LSA-C.C.P. art 863 in the Borne suit.
& G argues the sanctions awarded under LSA-C.C.P. art. 863 are per-perto the party to the litigation and, there-therethe trial court was correct in finding that the Home was not entitled to demand any sums awarded to MR & G as sanctions. Article 863 provides “ the court shall impose ... an appropriate sanction which may in-inan order to pay the other party or parties....” Nonetheless, the fact remains that Home, even though not a named defen-defen[2] in the litigation, as MR & G’s insurer, defended MR & G in the suit and incurred the expenses in connection with the litigation. MR & G paid insurance premiums for profes-profesliability coverage. They received that from Home. The policy did not provide MR & G with a windfall of the monies spent by their insurer in their defense.
[3] art. 2164 provides in part:
The appellate court shah render any judgment which is just, legal, and proper upon the record on appeal.
In addition to Home’s contractual rights of subrogation, equity dictates that Home, as the party that paid the attorney’s fees, is entitled to obtain reimbursement of those expenses from the sums awarded as sanctions for the costs of attorney’s fees in this litigation.
[4] & G also asserts that Home waived any subrogation rights it may have had under the policy when it initially denied coverage for the Borne suit. MR & G con-conthat because Home initially failed to satisfy its obligation under the policy by de-deit in the suit, it had to retain Roy C. Cheatwood of the Jones, Walker law firm as defense counsel. As a result of retaining outside counsel MR & G claims it incurred costs of $25,000.00 to which its 16 $25,000.00 deductible under the insurance policy ap-apIn light of these facts, MR & G argues the trial court was correct in finding Home was not entitled to collect any of the monies awarded to MR & G as sanctions.
We find no merit to this argument. Even if Home initially denied MR & G coverage under the policy for the Borne suit, it is undisputed that Home assumed the responsibility of paying Cheatwood’s fees. Home eventually paid attorney’s fees in the amount of $105,350.30 to defend MR & G in the action. The policy required MR & G’s $25,-000.00 deductible to be applied toward the payment of defense costs. The fact that MR & G did so does not preclude Home from pursuing its subrogation rights under the policy or seeking reimbursement for the monies it expended in defending MR & G in the Borne suit.
[5] & G further argues that Home waived its subrogation rights under the poli-poliwhen it failed to intervene in the action *742 for sanctions. Again, we find no merit to this argument. MR & G was the named defendant in the suit and was the proper party to file the motion for sanctions. The motion for sanctions was not filed by the MR & G firm but was filed by Roy C. Cheatwood, the attorney who had represented MR & G in the original suit and who was being paid by Home throughout these lengthy proceedings. He was representing the insured and their insurer. Nothing in the record indicates that he advised Home of any necessity to intervene in the sanction proceedings. Under the circumstances, we find that Home was not obliged to intervene in the sanction proceedings. It was only after the trial judge awarded MR & G sanctions specifically for attorney's fees incurred in defending the suit that Home sought to exercise its subro-gation rights under the policy, because it was the party who incurred the lycosts of the attorney’s fees in defending the suit.[3]
Accordingly, for the above reasons, the judgment of the trial court granting summary judgment in favor of Middleberg, Riddle & Gianna and against The Home Insurance Company is reversed. We hereby render judgment in favor of The Home Insurance Company and against Middleberg, Riddle & Gianna, declaring that, Section F, subparagraph III, of the insurance policy, titled “Subrogation”, entitles Home to the sums awarded to Middleberg, Riddle & Gi-anna as sanctions in the suit styled, Borne v. New Orleans Health Care, Inc., 616 So.2d 236 (La.App. 4th Cir.1993) (Borne II), writ denied, 623 So.2d 1332.

REVERSED AND RENDERED.

JONES, J., dissents for the reasons assigned by LANDRIEU, J.

. The suit is entitled Melville F. Borne Jr., et al v. New Orleans Health Care, Inc. et al, Docket No. 898173, Division “D”.

. If MR & G had been cast in judgment Home could not refuse to pay its $2,000,000.00 coverage because it was not a named defendant.

. We note that attorney Cheatwood is not representing MR & G in these proceedings.