708 So.2d 462 (1998)
Susan Gail HESTER
v.
William Ewing HESTER, III.
No. 97-CA-1326.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 1998.
Robert C. Lowe, Ellen Widen Kessler, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, for Plaintiff/Appellee Susan Gail Hester.
*463 William E. Hester, III, New Orleans, for Defendant/Appellant in proper person.
Deonne Du Barry, LaPlace, for Defendant/Appellant William E. Hester, III.
Before SCHOTT, C.J., and BARRY and MURRAY, JJ.
MURRAY, Judge.
William E. Hester, III appeals the trial court's imposition of sanctions against him in the amount of $2,000 plus costs for violating Article 863 of the Code of Civil Procedure, and further asks for an award of costs and attorney fees incurred in prosecuting his appeal. For the reasons that follow, we affirm the judgment below and deny Mr. Hester's prayer for costs and fees.
The following is a chronology relative to pleadings filed and action taken by the trial court pertaining solely to the litigation of Susan Gail Hester's entitlement to permanent alimony[1]:
June 1992 Mrs. Hester is awarded permanent alimony of $2,100 per month plus twenty percent of Mr. Hester's annual bonus.
1993 Mr. Hester's motion for a new trial is denied; he files appeal # 93-CA-1665 in this court.
9/15/94 Alimony award amended to delete $496 in "nonnecessitous" expenses, and judgment affirmed as amended. Hester v. Hester, 93-1665 (La.App. 4th Cir. 9/15/94), 643 So.2d 216. Both parties file writ applications with the Supreme Court.
11/16/94 Mr. Hester files "Rule to Terminate and/or Reduce Post-Divorce Alimony, to Modify Child Support Obligations, and to Require Reimbursement of Overpaid Alimony," asserting that Mrs. Hester is no longer in need because her salary increased in 1993. Mr. Hester also requests that sanctions be imposed against Mrs. Hester because she failed to update discovery and notify him of her increased salary.
12/6/94 Mrs. Hester files exception of no cause of action in response to Mr. Hester's rule.
12/19/94 Supreme Court denies Mr. Hester's writ application, Hester v. Hester, 94-2549 (La.12/19/94), 648 So.2d 404, but grants Mrs. Hester's application and, in a brief per curiam, reverses this court's reduction of alimony, and reinstates the $2,100 per month awarded by the trial court, Hester v. Hester, 94-2575 (La.12/19/94), 647 So.2d 1095, 1095-96.
2/95 Hearing on the pending rule and exceptions is continued. Mr. Hester informed in chambers that court believed Mrs. Hester had no duty to "update discovery," because no rules were pending in the trial court between June 1992 and November 1994 so that his motion for sanctions appeared to be without justification.
3/17/95 Mr. Hester files an "Amended and Supplemental Rule to Revoke and/or Reduce Post-Divorce Alimony, to Modify Child Support Obligations, and to Impose Sanctions Against the Plaintiff and her Counsel."
3/17/95 Mr. Hester files Motion for Summary Judgment asserting that he was entitled to a judgment, as a matter of law, terminating his alimony obligation effective March 1, 1993. Also seeks an award of "all costs of litigation including reasonable attorney's fees" for his pro se motion.
3/27/95 Mrs. Hester files an opposition to her ex-husband's motion for summary judgment and submits supporting affidavit concerning her income and expenses.
3/27/95 Mrs. Hester files memorandum in support of her exceptions to Mr. Hester's original and amended rules.
3/27/95 Mrs. Hester files motion for sanctions based upon Mr. Hester's repeated claim that she violated a duty to update discovery.
*464 4/5/95 Mrs. Hester files an addendum to her memorandum in support of her exceptions.
4/11/95 Mr. Hester's motion for summary judgment is denied; neither written nor oral reasons for that judgment were made available to this court.
4/26/95 Trial court renders oral judgment dismissing Mr. Hester's demand for sanctions and maintaining Mrs. Hester's exception of no cause of action as to the Rule to Revoke and/or Reduce Post-Divorce Alimony.
5/1/95 Written judgment entered in accordance with 4/26/95 ruling.
5/15/95 Mr. Hester moves for a new trial.
5/15/95 Mr. Hester files his "Second Amended and Supplemental Rule to Revoke and/or Reduce Post-Divorce Alimony, to Modify Child Support Obligations, and to Impose Sanctions Against the Plaintiff and her Counsel." Mr. Hester again argues that Mrs. Hester's failure to inform him of her changes in income since 1992 was a sanctionable violation of her duty to update discovery.
5/26/95 Mr. Hester's Motion for New Trial is denied.
6/1/95 Mr. Hester appeals 5/1/95 judgment (that appeal was docketed in this court as # 95-CA-1806).
8/9/95 Mrs. Hester excepts to Mr. Hester's Second Amended Rule on the grounds of lis pendens, no cause of action, res judicata, and lack of subject matter jurisdiction.
8/9/95 Mrs. Hester files "Second Motion for Sanctions" based upon the Second Amended Rule's repetition of the claims and arguments previously rejected and now at issue in his appeal in # 95-CA-1806.
8/11/95 Mr. Hester moves for indefinite continuance of any hearing on his Second Amended Rule, pending a decision on his appeal # 95-CA-1806.
8/16/95 Trial court orally rules that it did not have jurisdiction to consider Mr. Hester's Second Amended Rule because of his pending appeal, but grants Mrs. Hester's Second Motion for Sanctions.
8/28/95 Written judgment is entered in accordance with 8/16/95 oral ruling, ordering Mr. Hester to pay sanctions of $7,500 plus $350 in attorney fees and all costs of the Motion for Sanctions.
9/27/95 Mr. Hester is granted suspensive appeal from the 8/28/95 judgment (docketed in this court as # 96-CA-0189).
1/31/96 This court reverses the trial court's judgment of May 1, 1995 maintaining Mrs. Hester's exception of no cause of action; her application for Supreme Court review of that opinion was rejected as untimely. Hester v. Hester, 95-1806 (La.App. 4th Cir. 1/31/96), 666 So.2d 737 (table), writ not considered, 96-0567 (La.4/19/96), 671 So.2d 930.
2/96 Trial court begins series of hearings to determine the merits of Mr. Hester's various rules to terminate and/or reduce both his ex-wife's alimony and his child support obligations.
9/11/96 This court affirms the trial court's August 28, 1995 judgment imposing sanctions on Mr. Hester. Both parties applied for Supreme Court review, but these applications were denied. Hester v. Hester, 96-0189 (La.App. 4th Cir. 9/11/96), 680 So.2d 1232, writs denied, 96-2452, 96-2468 (La.12/6/96), 684 So.2d 933-34.
We arrive, finally, at the point in this epic at which the pleadings were filed that led to the judgment imposing sanctions that is the subject of this appeal.
On October 1, 1996, Mr. Hester once again moved for summary judgment on the issue of Mrs. Hester's entitlement to permanent alimony. Despite the passage of time and the interim litigation, Mr. Hester's 1996 motion and supporting memorandum essentially repeated the same arguments and the same allegations advanced in his 1995 motion. As in 1995, Mr. Hester did not mention his income. Instead, he contended that Mrs. Hester was no longer entitled to alimony because her income exceeded the cost of the basic necessities. He asserted once more that it was undisputed that his ex-wife was no longer in need because her gross monthly salary as of September 1, 1994 was $2,591.67, and because she had furnished the figure of *465 $1,438.33 in response to an Interrogatory concerning her monthly expenses in November 1994. As an alternative basis for his assertion that she was no longer entitled to alimony, he furnished a two-page calculation that involved subtracting those expenses included in the original alimony award that he considered "non-necessitous," then adding eight percent for inflation to arrive at $1,348.92 in "coverable" monthly expenses, an amount significantly less than her "countable" net pay of $2,249.92.
Mr. Hester prayed for a judgment "retroactive at least to November 16, 1994, or earlier," with a footnoted explanation that a judgment effective as early as March 1, 1993 would be appropriate under La. R.S. 9:310. In his supporting memorandum, however, Mr. Hester expressly argued that good cause existed for rendering a judgment that would, "at a minimum," take effect in September 1994, when Mrs. Hester's take-home pay had increased, or in March 1993, when both her gross and net pay had been raised.
On January 3, 1997, Mrs. Hester filed an opposition to Mr. Hester's motion for summary judgment. She also filed her own Motion for Sanctions for Mr. Hester's having filed his motion. In her supporting memorandum she asserted that this motion for summary judgment substantially duplicated the earlier motion that had been denied, and argued that Mr. Hester's renewed motion should be dismissed as res judicata. Mrs. Hester also pointed out, as she had in 1995, that the Interrogatory upon which Mr. Hester predicated her "undisputed" expenses had asked only for the cost of certain recurring items, such as food, clothing, housing, transportation and medical care. Although Mrs. Hester acknowledged the 1996 amendment providing that summary judgment was favored, she argued that with the testimony and evidence submitted since the 1995 motion, Mr. Hester could not legitimately claim that no material factual disputes remained concerning her income and expenses. She attached an affidavit with exhibits that summarized the extent and content of the interim evidence of her expenses. Mrs. Hester also argued that because the Supreme Court had approved the original alimony figure based upon all of her expenses, the law of the case required that Mr. Hester demonstrate a decrease in those expenses before his alimony obligation could be reduced or terminated. As she had in 1995, Mrs. Hester once again delineated the jurisprudential standards for a "substantial change in circumstances" under La. R.S. 9:311, and quoted R.S. 9:310 regarding the potential retroactivity of a modification in support. Because of the asserted duplication in this motion and the unwarranted claims advanced, Mrs. Hester argued that it had to have been filed to harass her and increase her litigation costs, thus justifying sanctions under Article 863.
On January 17, 1997, after hearing the arguments of the parties, the trial court denied Mr. Hester's motion for summary judgment, and entered a written judgment to that effect on January 22, 1997. Mr. Hester applied for supervisory review of the denial of summary judgment. Another panel of this court imposed sanctions of $2,000 plus costs under Article 863 for his unjustified writ application. Hester v. Hester, 97-1250 (La. App. 4th Cir. 9/3/97), 699 So.2d 1099, writ denied, 97-2746 (La.1/30/98), 709 So.2d 705.
Mrs. Hester's motion for sanctions was heard and granted on January 27, and Judgment was entered on March 20, 1997. In its written reasons for judgment, the trial court expressly found that Mr. Hester's second motion for summary judgment was essentially the same as the first and that it "was not well grounded in fact nor warranted by existing law and that it was filed, at least to some degree, to harass Mrs. Hester and increase her litigation expenses." The court thus held that the motion was filed in violation of Article 863 of the Code of Civil Procedure.
Article 863 states in pertinent part:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for *466 the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
* * * * * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification ... an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee. [Emphasis added.]
While not intended to prohibit a good faith challenge to existing law, this provision imposes an affirmative, nondelegable duty to conduct an objectively reasonable inquiry prior to the filing of a pleading; subjective good faith is insufficient. Hester v. Hester, 96-0189 at p. 5, 680 So.2d at 1235; Borne v. New Orleans Health Care, Inc., 616 So.2d 236, 238 (La.App. 4th Cir.), writ denied, 623 So.2d 1332 (La.1993). Determining whether a reasonable legal inquiry was made includes consideration of the time available for preparation of the pleading; the plausibility of the legal views expressed; the litigant's pro se status; and the complexity of the factual and legal issues presented. Loyola v. A Touch of Class Transportation Service, Inc., 580 So.2d 506, 510 (La.App. 4th Cir.1991), and cases cited therein.
A trial court's decision to impose sanctions may not be reversed on appeal "unless the record furnishes no evidence to support the finding, or the finding is clearly wrong." Borne, 616 So.2d at 239. The abuse of discretion standard applies to the type and severity of sanction imposed. Id.
As partial justification for his second motion for summary judgment, Mr. Hester argues here, as he did in the court below, that the denial of one summary judgment does not necessarily preclude a second, "even if the motions were exactly the same based on exactly the same evidence," as in Arnold v. Stupp Corporation, 249 So.2d 276 (La.App. 1st Cir.1971). He maintains that the "law of the case" doctrine, to which the trial court referred in its reasons, cannot apply here, because Louisiana law expressly provides for the revocation of alimony when it is no longer necessary.[2] Because a second motion for summary judgment was neither procedurally improper nor substantively precluded by a prior binding judgment, Mr. Hester contends that the imposition of sanctions was an abuse of discretion and unsupported by the record. We disagree.
Initially, we note that, unlike Mr. Hester, we do not read the trial court's judgment and reasons as resting upon the mere fact that a motion for summary judgment had previously been filed and denied. Nor do we find anything in the language of Article 863 or in the jurisprudence that supports Mr. Hester's argument that the article provides for sanctions only when a litigant files a pleading that is expressly prohibited. It has been held repeatedly that Article 863 B creates an affirmative duty to make an objectively reasonable inquiry into the facts and the law before a pleading is signed and filed. Borne, 616 So.2d at 238, and cases cited therein. We find that a reasonable inquiry into the law goes beyond a search for an express prohibition.
Mr. Hester next contends that the trial court was clearly wrong to find his 1996 pleading duplicative of that in 1995, because the differences in wording and in the factual allegations demonstrate that he went to "great length" in his second motion and memorandum to provide support in the areas found deficient in the earlier motion. He also asserts that the district court's judgment must be reversed because it is based upon the erroneous conclusion that the prior sanctions were imposed for his repeated requests for retroactive relief, when in fact it was his efforts to sanction Mrs. Hester for her failure to update discovery that had been found *467 to be objectionable. In addition, Mr. Hester points out that since he had not mentioned La. R.S. 9:310 in his first motion for summary judgment, the grounds for his plea for retroactive relief had changed as well. Mr. Hester once again relies upon a confined reading of both the lower court's reasons for judgment and the requirements of Article 863 B in order to absolve himself. We are not persuaded.
Despite the trial court's reference to Mr. Hester's assertion of "the same demand[s] using the same reasoning ... and for which he was sanctioned," it is abundantly clear that neither the fact of similarities nor the extent of duplication in the two motions was at the heart of the decision to sanction Mr. Hester. Furthermore, there is nothing in Article 863 B to suggest that whether or not a party has previously asserted similar facts or arguments, or litigated a specific issue, is in any way determinative of the propriety of sanctions. We, therefore, reject Mr. Hester's attempt to establish error in the judgment below based upon the mere existence of differences between the 1996 motion and that filed in 1995.[3]
Mr. Hester also argues that sanctions are improper because his certification on the second motion for summary judgment did not violate any of the four specifications in Article 863 B. He maintains that he prepared the pleading himself, and because there was "no doubt" concerning the amount of Mrs. Hester's 1993 pay raise, both of the first elements of certification were met. He contends that his request for retroactive modification of the alimony award represented a good faith argument for change based upon "a plain reading" of La. R.S. 9:310 because his research revealed no annotations under the statute to indicate that this argument had been rejected by any court. He argues that, at worst, he advanced an "adventuresome" position for which sanctions are inappropriate under the Article 863 jurisprudence. Finally, Mr. Hester denies having any purpose to his motion other than the legitimate goal of terminating alimony payments to which his ex-wife is no longer entitled, and recouping the overpayments.
This record supports the trial court's conclusion that Mr. Hester's summary judgment motion was not well grounded in fact or in law as required by Article 863. Contrary to Mr. Hester's argument here, by filing the summary judgment motion he did not merely certify that it was undisputed that his wife had a salary increase. As a licensed attorney, Mr. Hester is expected to know that the effect of his filing the summary judgment motion was to certify that he had a legally justified, good faith belief that there were no material factual disputes and that he was entitled to judgment as a matter of law. See La.Code Civ. Proc. Ann. art. 966. Mr. Hester had been presented with abundant evidence during the course of the ongoing litigation that refuted his claim that his ex-wife's "necessary" expenses had remained below the amount used in the award approved by the Supreme Court. Therefore, contrary to his assertions in the summary judgment motion, he was aware that material facts were hotly disputed. In addition, he was on notice, by prior court rulings as well as his ex-wife's pleadings, that the mere fact that Mrs. Hester had a salary increase did not entitle him to a modification of his alimony obligation. The filing of this summary judgment motion, which was not well grounded in fact or law, was a violation of Art. 863 for which a court shall impose sanctions.
Nor do we find any legal justification for the repetition of Mr. Hester's demand for retroactive relief in the second motion for summary judgment. Considering the explicit language of La. R.S. 9:310 A and C, his characterization of his argument as a good faith, "adventuresome" attempt to modify existing law is obtuse, at best. The statute provides in pertinent part:
A. An order for spousal support shall be retroactive to the filing date of the petition for spousal support granted in the order.
* * * * * *

*468 C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.
Under anything other than a tortured translation, Mr. Hester could obtain a modification of alimony that became effective in November 1994, when his rule was filed, or at a later date. Furthermore, our Supreme Court has explained that even before R.S. 9:310 was enacted in 1984, Louisiana law provided "that a reduction of alimony or a discharge from the obligation to pay may be granted only from and after the time when it is sought, by suit or in answer to a suit to enforce payment." Hogan v. Hogan, 549 So.2d 267, 272 (La.1989).[4] We therefore find that the implausibility of Mr. Hester's argument on this issue would have been apparent with reasonable legal research. Given that there were no time constraints on the preparation of the motion, and that Mr. Hester is not a layman representing himself, consideration of the factors set forth in Loyola v. A Touch of Class, 580 So.2d at 510, supports the trial court's decision to impose sanctions in this case.
Having found no legal justification for Mr. Hester's motion and the arguments contained therein, we must also reject his self-serving claim that the pleading was filed without any improper purpose. Instead, the repetitious filings detailed in this court's prior opinions and contained in this record establish that there was no error in the trial court's determination that Mr. Hester's intent was to harass his ex-wife and increase her litigation expenses.
Finally, Mr. Hester contends that the amount of $2,000 is an excessive sanction, both in comparison to amounts imposed in other cases and in view of his violation of Article 863, which he characterizes as de minimis. We disagree. Based on Mr. Hester's conduct, the sanction imposed is in no way excessive. In fact, in light of Mr. Hester's outrageous plea for an award of attorney fees and costs for prosecuting this frivolous appeal, it may not be sufficient to discourage him from repeating such sanctionable conduct.[5]
For the foregoing reasons, the judgment below is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] This chronology has been gleaned from prior reported cases involving these parties as well as the present record on appeal.
[2] Effective January 1, 1998, the Civil Code articles regarding spousal support were revised by 1997 La. Acts 1078, § 1. Thus, while Mr. Hester cited Article 112 A(4), Article 114 is now applicable.
[3] Mr. Hester's contention that he was sanctioned previously for persistently seeking sanctions against his ex-wife and not for a repetitious claim for retroactive modification of her alimony award, even if correct, is not relevant to the issue before us.
[4] The Hogan case, which provides a thorough discussion of both the history and purpose of retroactivity in support orders, was cited by the Supreme Court when it reversed this court's reduction of Mrs. Hester's initial alimony award. See Hester, 94-2575, 647 So.2d at 1096.
[5] Although article 2164 of the Code of Civil Procedure would appear to be applicable to this case, we are bound by Fourth Circuit precedent that prevents an award of such damages when, as here, the appellee has neither appealed nor answered the appeal to assert such a claim. See Hester, 96-0189 at p. 9, 680 So.2d at 1236.