971 So.2d 1215 (2007)
John R. SISK, Plaintiff-Appellant,
v.
Heather Grable SISK, Defendant-Appellee.
No. 42,619-CA.
Court of Appeal of Louisiana, Second Circuit.
November 21, 2007.
Rehearing Denied December 7, 2007.
John R. Sisk, In Proper Person.
Layne M. Adams, Monroe, for Appellee.
Before WILLIAMS, PEATROSS and DREW, JJ.
DREW, J.
This appeal is a spinoff from a bitter and long-running custody dispute. The litigants are John Sisk ("John") and his ex-wife, Heather G. Sisk ("Heather").
John, in a deficient and disrespectful diatribe, now seeks relief from the monetary sanctions imposed on him by the trial *1216 court in a February 14, 2007, judgment. We amend and affirm.

FACTS
In Sisk v. Sisk, 39,768 (La.App.5/11/05), 902 So.2d 1237, writ denied, XXXX-XXXX (La.6/30/05), 905 So.2d 291, this court (through Judge Peatross) accurately and thoroughly set out the initial history of this sad case, from inception through the middle of 2005. That opinion affirmed these rulings of the trial court:
 that California was at that time the child's "home state," leaving Louisiana without subject matter jurisdiction of this particular child custody dispute;
 that Heather justifiably secured a civil warrant for the return of her child;
 that John should pay some court costs and some of Heather's travel expenses.
This is a rough chronology of what has happened since our denial of rehearing on June 1, 2005:
 Fall of 2005  John filed several requests for relief, all ruled upon adversely to him, all being meritless; none of the rulings were appealed, and none of the rulings are properly at issue in the instant appeal;
 October 27, 2006  John filed a Rule for Change of Custody and/or Modification of Custody;
 November 28, 2006  Heather filed Exceptions of Res Judicata, No Cause of Action, No Subject Matter Jurisdiction, Inconvenient Forum, Rule for Sanctions and Contempt, Motion to Fix Attorney's Fees, and Motion to Require Posting of Bond;
 December 29, 2006  Hearing was conducted on the Fall 2006 filings;
 January 22, 2007  The trial court provided Reasons for Judgment;
 February 14, 2007  The trial court signed the judgment, the subject of this appeal, which:
 sustained Heather's Exception of Res Judicata;
 overruled Heather's Exception of Lack of Subject Matter Jurisdiction;
 found Louisiana to be an inconvenient forum;
 noted that North Carolina was the appropriate forum;
 dismissed John's rule;
 held him in contempt for not paying the mother's $421 airfare, as previously ordered in a judgment of September 17, 2004, and ordered him to pay the $421 within 60 days of December 29, 2006;
 ordered John to pay a deposition fee, a subpoena fee, and a court reporter fee, totaling $252.50 by the end of April 2007; and
 ordered John to pay $1,200 at the rate of $100 per month, starting June 1, 2007, for Heather's legal fees for the defense of the spurious October 2006 rule.
The judgment also:
 denied Heather's request for a bond; and
 denied Heather's request for attorney's fees and court costs for her defense of matters heard over two years before, in September of 2004.
Issues in this Appeal, According to John
Though rambling about many alleged injuries perpetrated upon him over the last three years[1] by an imagined judicial syndicate against him, he requests we focus on *1217 the sole issue of the trial court's monetary sanctions against him.
Factual Showing by John
There were no facts elicited showing that the child had resided in Louisiana at any time since our previous ruling in June 2005. Moreover, no material evidence was presented by John.
Legal Showing by John
He submitted no statutory citations nor any case law in support of his tenuous legal position.
Issues in this Appeal, According to Heather
Heather filed an answer to his appeal, requesting that we:
 reverse the denial of her exception of lack of subject matter jurisdiction;
 find John in contempt and sanction him for his discourtesy; and
 require John to pay all court costs accruing since we last reviewed this case.
She is clearly entitled to some relief.
Subject Matter Jurisdiction
The only disagreement we have with the February 14, 2007, judgment of the learned trial court is its denial of Heather's Exception of Lack of Subject Matter Jurisdiction, for the reasons that:
1. In our previous opinion, which has long been final, we ruled that the trial court lacked subject matter jurisdiction over this case; and
2. The trial court essentially conceded the point in its Reasons for Judgment.
What we apparently have here is a nomenclature/syntax problem. Certainly a district court has the general jurisdiction to grant divorces and to adjudicate custody issues. The issue here, though, is that the Fourth Judicial District Court clearly lacks subject matter jurisdiction over this case, as outlined in La. R.S. 13:1813 (effective 8/15/07), and pursuant to our referenced final judgment.
Contempt
John, once a lawyer admitted to the bar associations of California and Louisiana, makes many disturbing statements in brief, including, inter alia:
 that he would rather be shot in the head than suffer "an excruciatingly slow death by raping the dissenter's child right before his eyes and even requiring the dissenter to fund the costs of that revelry and entertainment for all to enjoy but him";
 that he no longer expects "any on this 2d Circuit Court of Appeals [sic] to work to achieve any conceivable form of actual justice in this matter";
 that (paraphrased) the judicial system "is a morally and ethically bankrupt fraternity. One which, over time, has become immeasurably similar to the Gambino family, the Bonanno family, the Luchese, Genovese and Columbo family and others like them";
 that (paraphrased) the courts in this case have made "systematic rulings of self interest to cleanse this public court record of documentary evidence and references to corruption and collusion in our courts"; and
 that he expects this court to effect "a form of rationalized political justice. One consistent with the jaded ethics, morals and perceptions practiced and honed by the members of the fraternity you have joined. And, of course, heavily laded [sic] with insignias of self interests [sic]."
He knows better than to commit these written atrocities, and our previous opinion warned John by quoting Uniform Rule 2-12.4 of the Courts of Appeal:
The language used in the brief shall be courteous, free from vile, obscene, obnoxious, *1218 or offensive expressions, and free from insulting, abusive, discourteous, or irrelevant matter or criticism of any person, class of persons or association of persons, or any court, or judge or other officer thereof, or of any institution. Any violation of this Rules shall subject the author, or authors, of the brief to punishment for contempt of court, and to having such brief returned.
(Our emphasis.)
At the December 29, 2006, hearing now at issue, the learned and eminently patient trial court warned John:
I'm not giving you any jail sentence or anything like that. But I am telling you this, Mr. Sisk, and I want you to listen very carefully. These allegations of corruption on the judiciary level, bought Judgments and all that kind of thing is contemptible in itself.
John has abused the system and sought to bully the judiciary. His actions in filing endless defamatory and unsupportable allegations must be sanctioned. Quite simply put, if we don't punish this man now, after his continual disparagement of our court system, we have forfeited the right to punish anyone who ever files such garbage.
Every judge who has touched this case, without exception, has bent over backwards to treat John with courtesy, and give him every benefit of the doubt. His most recent actions demonstrate that there is no reciprocation of respect coming from this litigant.[2] His 2007 filings in this court are contemptible and must be punished.
The trial court's monetary assessments are very conservative and reasonable. There is no abuse of its discretion. We affirm those assessments.
But it's not enough. We find this case much more egregious than Hester v. Hester, 680 So.2d 1232, 96-0189 (La.App. 4 Cir. 9/11/96), writs denied, 96-2452, 96-2468 (La.12/6/96), 684 So.2d 933, 934, in which the appellate court affirmed the assessment of $7,500 for another husband's repetitive and harassing filings.
We rely heavily upon C.C.P. art. 2164, which states:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

CONCLUSION
We hereby take the following actions against John Sisk:
 finding him in contempt of this court;
 requiring him to pay all court costs, filing fees, and other assessments relative to this appeal or any writs filed here in 2007; and
 ordering him to pay $1,500 to Heather's counsel of record, to partially compensate the attorney for having to defend this bizarre appeal.
Accordingly:
 The ruling of the trial court denying the Exception of Lack of Subject Matter Jurisdiction is reversed.
 All other rulings of the trial court are affirmed, with this court's appreciation for its kind and thorough patience *1219 shown throughout this ordeal at the trial court level.
 John Sisk is ordered to pay $1,500 to counsel of record for Heather Sisk for services associated with this appeal.
 All appellate costs of court from calendar year 2007 are assessed against John Sisk.

DECREE
The ruling of the trial court is amended as reflected above, and as amended, affirmed, all at the cost of John Sisk.
AMENDED, AND AS AMENDED, AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, CARAWAY, PEATROSS and DREW, JJ.
Rehearing denied.
NOTES
[1] Primarily covering events which we handled in our previous opinion, now long final.
[2] He filed RICO suits, now dismissed, against all three panel members who rendered our previous opinion.