ARMSTRONG, Judge.
Plaintiff-appellant Allen H. Borne filed suit against his former wife, Grace Borne, *161 and three other defendants seeking declaratory judgment recognizing him as a 25 per cent undivided owner with the defendants of certain immovable properties. Defendants-appellees, Mrs. Borne, Sidney and Ellen Raye Katz Miller and Marc Goldman filed a motion for summary judgment. The district court granted partial summary judgment but preserved plaintiffs right to proceed in damages, and plaintiff appeals. We affirm.
Plaintiff and Grace Borne, were legally separated in 1980. Subsequent to the separation, Mrs. Borne, Mr. & Mrs. Sidney Miller and Mare Goldman purchased a number of properties in New Orleans as owners in indivisión. Plaintiff alleges that he performed all of the work in connection with the acquisition of the properties. He contends that he located the properties, arranged for financing,, renovated the properties, collected the rents, paid property bills, and negotiated leases. Plaintiff and defendant Sidney Miller established offices in one of the properties known as the “Maple Mall”, located at 7611 Maple Street. Plaintiff neither paid rent nor occupied the property subject to a lease. The Bornes were divorced in April 1985. Subsequently the defendants instituted eviction proceedings against plaintiff claiming that he did not possess the Maple Street property under color of title nor by lease.[1]
Thereafter plaintiff brought these proceedings on October 30, 1985 seeking declaratory judgment recognizing him as a 25 percent owner of the subject properties and to enjoin the defendants from evicting him from the Maple Street property. In the alternative, he prayed for $350,000.00 in damages, alleging that his acquisition and management of the properties had unjustly enriched the defendants. Plaintiff contends that although his name does not appear on any act of sale or conveyance as an owner, it was understood between the parties that he and Mrs. Borne owned 50 per cent of the properties in partnership with the Millers and Goldman, and that Mrs. Borne promised to execute a counter letter to that effect upon his request.
On December 30, 1985 Mrs. Borne filed a Motion for Summary Judgment alleging that no genuine issue of material fact had been shown. In her supporting affidavit, Mrs. Borne stated under oath the following: a) that there is no writing which purports to transfer or convey any interest in the properties to plaintiff; b) that she has never “delivered” possession of the immovable property to plaintiff, LSA-C.C. Art. 1839,[2] c) that she had not and never would admit under oath that the property was “sold” to her ex-husband, LSA-C.C. Art. 1839, d) that she never agreed to execute a counter letter; e) that she is not holding an interest in the properties for plaintiff.
On January 22, 1986 plaintiff moved for a continuance arguing that he needed more time for discovery of documents which would support his claim to ownership. That motion was denied on January 3, 1986 and defendant’s motion for summary judgment was granted. On February 28, 1986 the trial court amended its judgment and granted partial summary judgment relative to plaintiffs claim of ownership but preserved plaintiff’s right to proceed in damages.
On appeal plaintiff claims that the trial court erred in granting defendant’s motion for summary judgment without first providing plaintiff an opportunity to discover documents and other written evidence which would prove that he had an interest in the subject properties owned by the defendants.
We must disagree. A motion for summary judgment "... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on *162 file, together with the affidavits if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” LSA-C. C.P. Art. 966(B).
There is no absolute right to delay action on a motion for summary judgment until discovery is completed. A continuance under these circumstances is clearly discretionary on the part of the court. LSA-C.C.P. Art. 967. The only requirement is that the parties be given a fair opportunity to present their claim. Unless plaintiff shows a probable injustice a suit should not be delayed pending discovery when it appears at an early stage that there is no genuine issue of fact. Simoneaux v. E.I. DuPont DeNemours, 483 So.2d 908 (La.1986).
It should be noted that although plaintiff filed suit in this matter in October 1985, plaintiff had not instituted any discovery processes by the January 31, 1986 hearing date.
In the instant case plaintiff acknowledges that parole evidence is not sufficient to establish title to real estate. LSA-C.C. Art. 2440.[3] He further admits that no writing exists which purports to convey title in his name. The owners of record denied under oath that any property was “delivered” to plaintiff, that an oral transfer took place or that any agreement as to plaintiffs ownership existed between the parties. LSA-C.C. Art. 1839. The defendants produced valid conveyance documents showing that the property was registered in their names. The documents submitted by plaintiff, and those proposed to be submitted after discovery, do not convey title, although they may arguably support an agency relationship between plaintiff and the defendants, e.g., building permits, insurance policies, lease and purchase agreements. Thus plaintiff presented no genuine issue of material fact and defendant is entitled to judgment as a matter of law.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.

. On April 10, 1986 the First City Court, Orleans Parish, rendered judgment ordering plaintiff to vacate 7611 Maple Street. That judgment was affirmed by this court in Miller v. Borne, 496 So.2d 1084 (La.App. 4th Cir.1986).

. A transfer of immovable property must be made by authentic act or by act under private signature. Nevertheless, an oral transfer is valid between the parties when the property has been actually delivered and the transferor recognizes the transfer when interrogated on oath. LSA-C.C. Art. 1839.

. All sales of immovable property shall be made by authentic act or under private signature. Except as provided in Article 2275, every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted. LSA-C.C. Art. 2440.