580 So.2d 1070 (1991)
Melville F. BORNE, Jr., Evangeline Health Care, Inc. and Ferncrest Manor, a Partnership in Commendam,
v.
NEW ORLEANS HEALTH CARE, INC., Sandia Federal Savings & Loan Association, Middleberg, Riddle & Gianna, a Louisiana Law Partnership, and ARA Health Care Management, Inc.
No. 91-CA-0004.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 1991.
*1071 Cleveland, Barrios, Kingsdorf & Casteix, Carl W. Cleveland, George P. Vedros, New Orleans, for plaintiffs-appellants Melville F. Borne, Jr., Evangeline Health Care, Inc. and Ferncrest Manor, a Partnership in Commendam.
Roy C. Cheatwood, Carole Gallagher Boggs, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendant-appellee Middleberg, Riddle & Gianna.
Before KLEES, LOBRANO and WARD, JJ.
KLEES, Judge.
Plaintiffs, Melville F. Borne, Jr., Evangeline Health Care, Inc. and Ferncrest Manor, a Partnership In Commendam, appeal the trial court's denial of their Motion to Continue the Motion for Summary Judgment and the granting of the Motion for Summary Judgment in favor of defendant Middleberg Riddle and Gianna, a Louisiana Law Partnership (Middleberg). After reviewing the record and applicable law, we affirm.
Plaintiffs filed suit on April 14, 1989 against New Orleans Health Care, Inc., Sandia Federal Savings and Loan Association (Sandia), ARA Health Care Management, Inc., and Middleberg for damages for breach of contract, declaratory judgment, and other relief. This appeal concerns the claim against Middleberg.
Plaintiffs were in the business of developing, building, operating, and managing nursing home facilities. In December of 1985, plaintiff Ferncrest Manor and defendant Sandia entered into a loan agreement to finance skilled nursing care facilities in *1072 Orleans Parish. Sandia retained Middleberg to represent them when plaintiff Ferncrest defaulted on the loan. At the same time that foreclosure proceedings were initiated, a series of corporations owned by plaintiff Borne had applied for Certificates of Need from the State of North Carolina, Department of Human Resources, Division of Facility Service (DHR/DFS), which were denied. Certificates of Need are required in order to build and operate nursing home facilities in the State of North Carolina. Plaintiffs claim that the Certificates of Need would have been granted except for the false, malicious statements made by Middleberg to DHR/DFS. Plaintiffs, therefore, asserted a cause of action against Middleberg for the "malicious, false and defamatory statements to DHR/DFS in North Carolina for the specific purpose of causing applications for Certificates of Need by Borne and corporations which he formed for that purpose to be rejected because of untrue statements made by said attorneys with full knowledge of the consequences that would flow from their libel, slander and defamation ..." (Plaintiffs' petition para. XXXIX).
On June 29, 1989, Middleberg filed a Motion for Summary Judgment which was originally set for hearing on July 13, 1989. On July 6, 1989, plaintiffs were granted a Motion to Continue the Motion for Summary Judgment until discovery was completed. The parties were having problems with scheduling the depositions of project analysts and other parties in North Carolina. Two of the nine scheduled depositions were taken in May of 1990, but were not completed. The parties agreed to reschedule the depositions for August 7-10, 1990. On July 13, 1990, Middleberg again filed a Motion for Summary Judgment, which was originally set for hearing on July 26, 1990, but was rescheduled to September 28, 1990 due to a conflict in scheduling and the necessity of completing the depositions which had begun in May. On July 27, 1990, the parties were informed that Lee Hoffman, Director of the Certificate of Need Section for the DHR/DFS for the State of North Carolina had suffered a ruptured disk. Therefore, the depositions scheduled for August 7-10, 1990 were canceled. On September 11, 1990, plaintiff filed another Motion to Continue the Motion for Summary Judgment, realizing that they would be unable to take the deposition of Lee Hoffman prior to the date the motion hearing was set, September 28, 1990. The Motion to Continue was denied and plaintiff filed a Motion to Reconsider on September 25, 1990, which was set for hearing on the same date as the Motion for Summary Judgment, September 28, 1990. After a hearing on these motions, the trial judge denied the Motion to Reconsider the Motion to Continue and granted the Motion for Summary Judgment.
On appeal, plaintiffs claim that the trial court erred in denying the Motion to Continue and granting the Motion for Summary Judgment prior to completion of the depositions because these depositions were needed to complete discovery material to their case. However, while parties must be given a fair opportunity to carry out discovery and present their claim, there is no absolute right to delay an action on a Motion for Summary Judgment until discovery is completed. A continuance under these circumstances is clearly discretionary on the part of the court. LSA-C.C.P. art. 967; Borne v. Miller, 505 So.2d 160 (La.App. 4th Cir.1987); Simoneaux v. E.I. duPont DeNemours and Co., Inc., 483 So.2d 908 (La. 1986).
Plaintiffs claim that a continuance must be granted under the peremptory grounds set forth in article 1602 of the Louisiana Code of Civil Procedure:
Art. 1602. Peremptory grounds
A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.
Plaintiffs claim that they exercised due diligence in attempting to obtain necessary discovery. We disagree. Although plaintiffs were in no way responsible for Ms. Hoffman's injury causing her to be unavailable, *1073 they could have taken the remaining depositions at the scheduled time and possibly even taken Ms. Hoffman's deposition over the phone. They made no reasonable attempts to complete discovery. Plaintiffs were allowed a reasonable time for discovery and the trial judge did not abuse his discretion in denying plaintiffs' Motion to Reconsider the Motion to Continue the Motion for Summary Judgment.
A motion for summary judgment is proper if pleadings, answers to interrogatories, sworn affidavits, depositions, and admissions show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The burden of showing that there is no genuine issue of material fact and mover is entitled to judgment as a matter of law is incumbent upon the mover, and all doubt must be resolved against the mover and in favor of trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). However, once a motion for summary judgment is made and supported by affidavits, an adverse party may not rest on the mere allegations or denials of his pleadings. His response must set forth specific facts showing that there is a genuine issue for trial. LSA-C. C.P. art. 967.
The following elements must be shown to maintain an action in defamation: (1) defamatory words; (2) publication; (3) falsity; (4) actual or implied malice; (5) injury. Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So.2d 196 (La. 1980). The evidence supports summary judgment because the elements for a defamation claim are not present. Plaintiffs claim that Middleberg made knowingly false, malicious and damaging statements, including accusations of criminal wrongdoing and insolvency to DHR/DFS, and that Middleberg's involvement in the application process for the Certificates of Need was the basis for their rejection. However, plaintiffs do not set forth specific facts to support their allegations showing that there is a genuine issue for trial. Middleberg offered the sworn affidavits of Brian Charbonneau and L. Marlene Quarles, attorneys for the Middleberg firm who communicated with DHR/DFS. These affidavits state that at no time did they state or otherwise suggest to any representative of DHR/DFS that plaintiffs were insolvent or under investigation for criminal wrongdoing. Middleberg also offered the affidavit of Ms. Lee Hoffman, director of the Certificate of Need Section which stated that the Certificate of Need application would have been disapproved even if no information had been received from Middleberg, because of the failure of plaintiffs' applications to conform to all criteria prerequisite to approval. Because there is an absence of evidence to support plaintiffs' allegations and defendant's affidavits and depositions contradict these allegations, there is no genuine issue of material fact and mover is entitled to judgment as a matter of law. Therefore the trial court was proper in granting the Motion for Summary Judgment.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.