663 So.2d 242 (1995)
Kenneth and Lisa TRAHAN, Plaintiffs-Appellants,
v.
STATE of Louisiana, Through the DEPARTMENT OF HEALTH AND HOSPITALS, and University Medical Center, Defendants-Appellees.
No. 95-320.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
*243 Robert W. Hallack, Baton Rouge, J. Clemille Simon, Lafayette, for Kenneth Trahan et ux.
Barbara M. Lake, Baton Rouge, for State of Louisiana Through Dept. of Health et al.
D.C. Panagiotis, Lafayette, for Bambi G. Panagiotis Indiv. etc.
Before SAUNDERS and SULLIVAN, JJ., and KNIGHT[1], J. Pro Tem.
WILLIAM N. KNIGHT, Judge Pro Tem.
In this tort action arising from a work-related injury, plaintiffs appeal from a summary judgment granted in favor of the defendants sustaining the statutory employer defense.

*244 FACTS

Plaintiff, Kenneth Trahan, was employed by Incendere, Inc., who was engaged in the business of storage, transportation, and disposal of bio-medical and medical waste. University Medical Center (UMC) contracted with Incendere to store, transport, and dispose of its medical waste. Under this contract, UMC employees would store all medical waste in special boxes provided by Incendere and would load the boxes in a trailer provided by Incendere that was left at UMC until it was filled to capacity. At that point, the trailer would be picked up by an Incendere employee and transported to its disposal facility. On February 24, 1993, Trahan was injured during his employment when he opened a trailer at the Incendere disposal facility that he had just picked up from UMC and three boxes fell about ten feet, striking him.
Subsequently, Trahan and his wife, Lisa, filed a personal injury suit against the State of Louisiana, Through the Department of Health and Hospitals and UMC, alleging that the boxes in the trailer had been improperly loaded by employees of UMC. In response to this suit, defendants filed a motion for summary judgment asserting that UMC was the statutory employer of Trahan and was therefore immune from tort liability. The defendants' motion for summary judgment was originally set for a hearing on August 8, 1994. However, this hearing was continued at the request of the plaintiffs and was eventually reset by the trial court to be heard on November 7, 1994. Three days before this hearing, plaintiffs filed a motion to dismiss, or in the alternative, for a continuance of defendants' motion for summary judgment. At the hearing, the trial court denied plaintiffs' motions and granted summary judgment in favor of the defendants.
On November 8, 1994, plaintiffs filed a supplemental petition for damages requesting punitive damages for Trahan's injuries based on La.Civ.Code art. 2315.3 and the supreme court's ruling in Billiot v. B.P. Oil Co., 93-1118 (La. 9/29/94), 645 So.2d 604. On November 21, 1994, the trial court signed its judgment that had been rendered from the bench on November 7. The defendants requested that the trial court amend its judgment to reflect that it was actually effective from the date of the bench ruling, and the trial court executed an amended judgment adding the words "nunc pro tunc November 7, 1994" on November 30, 1994. In response, plaintiffs filed a motion for a new trial, alleging that the amended judgment of November 30 was invalid. On January 17, 1995, the trial ruled that the amended judgment was proper and denied the plaintiffs' motion.
Plaintiffs appeal from these judgments and assert that the trial court erred in (1) failing to grant plaintiffs' motion to dismiss and/or for a continuance; (2) granting defendants' motion for summary judgment; (3) allowing an amendment to the November 21, 1994 judgment; and (4) denying plaintiffs' motion for a new trial.

LAW

MOTION TO CONTINUE
Plaintiffs argue that they were not able to complete discovery prior to the November 7, 1994 hearing date on the motion for summary judgment, and therefore, should have been allowed a continuance.
A continuance may be granted if there is good ground therefore. La.Code Civ.P. art. 1601. A court shall grant a continuance if at the time the case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to the case. La.Code Civ.P. art. 1603.
The facts in the case sub judice clearly convince us that the issuance of the continuance was entirely within the trial court's discretion. The record does not show the Article 1603 "due diligence" by plaintiffs' counsel to conduct or complete discovery before the November 7, 1994 hearing. Plaintiffs filed suit on February 23, 1994. The August 8, 1994 summary judgment hearing was continued until November 7, 1994 at the request of plaintiffs to allow more time for discovery. However, plaintiffs did not attempt to propound any discovery until November 2, 1994, only five days before the summary judgment hearing. Plaintiffs had approximately nine months from the filing of *245 their suit to propound and complete discovery. While parties must be given a fair opportunity to carry out discovery and present their claim, there is no absolute right to delay an action on a motion for summary judgment until discovery is complete. Borne v. New Orleans Health Care, Inc., 580 So.2d 1070 (La.App. 4 Cir.), writ denied, 586 So.2d 533 (La.1991). Thus, we find that the trial court did not abuse its discretion in denying plaintiffs' motion for a continuance. See Uhler v. Evangeline Riding Club, 525 So.2d 550 (La.App. 3 Cir.1988); Borne, supra; Habig v. Popeye's Inc., 553 So.2d 963 (La.App. 4 Cir. 1989).

SUMMARY JUDGMENT
Appellate courts review summary judgments de novo using the same criteria applied by the trial courts in determining whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La. 1991). A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. Summary procedure should be used cautiously and sparingly, and any reasonable doubt is to be resolved against the granting of summary judgment and in favor of a full trial on the merits. Penalber v. Blount, 550 So.2d 577 (La.1989). Whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Duncan v. Balcor Property Management, Inc., 615 So.2d 985 (La.App. 1 Cir.), writ denied, 617 So.2d 936 (La.1993).
La.R.S. 23:1061 defines and establishes the liability of a principal contractor to employees of an independent contractor. La.R.S. 23:1061 provides:
When any person, in this Section referred to as the "principal", undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee by whom he is immediately employed. The fact that the work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business, or occupation, regardless of whether the principal had the equipment or manpower capable of performing the work. [Emphasis Added.]
Therefore, under La.R.S. 23:1061, when a principal contracts with another to perform work for him that is part of the principal's trade, business, or occupation, the principal is liable to pay workers' compensation benefits to any injured employee of the contractor. In exchange for this responsibility, tort immunity was granted to principals or statutory employers for work-related injuries suffered by the employees of the contractors and sub-contractors. La.R.S. 23:1032. Thus, a finding of statutory employment depends upon a determination that the contract work is considered a part of the principal's trade, business, or occupation.
The italicized portion of the statute was added by the legislature in 1989. The Louisiana Supreme Court has yet to interpret the meaning of the statute as amended as to whether the amendment is retroactive or whether the amendment broadened the definition of statutory employers and overruled the three-tier analysis of Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986). Nor does the amendment provide a clear *246 standard concerning an appropriate test which is now to be used in determining statutory employment.
Several Louisiana appellate courts, including this court in Hutchins v. Hill Petroleum Company, 609 So.2d 312 (La.App. 3 Cir.1992), have suggested in dicta that the 1989 amendment overruled Berry and reinstated the integral relation test as set forth in Thibodaux v. Sun Oil Company, 218 La. 453, 49 So.2d 852 (1950), thus returning to a more liberal standard for granting principals tort immunity. Further, the Federal Fifth Circuit Court of Appeal has held that the Berry factors can no longer be considered by themselves nor in conjunction with other factors, but that the appropriate test is the integral relation test. Thompson v. Georgia Pacific Corporation, 993 F.2d 1166 (5th Cir. 1993); Salsbury v. Hood Industries, Inc., 982 F.2d 912 (5th Cir.1993).
In three recent decisions, appellate courts have applied the integral relation test on motions for summary judgment in determining whether a principal was a statutory employer. See Picard v. Zeit Exploration Co., Inc., 92-2242 (La.App. 1 Cir. 3/11/94), 636 So.2d 922, writ granted and judgment set aside, 94-1555 (La. 9/30/94), 642 So.2d 862; Moore v. Crystal Oil Company, 626 So.2d 792 (La.App. 2 Cir.1993), writ granted and judgment reversed, 93-3103 (La. 2/25/94), 632 So.2d 758; Hanks v. Shell Oil Company, 93-737 (La.App. 5 Cir. 1/25/94), 631 So.2d 1189, writ granted and judgment set aside, 94-0483 (La. 4/4/94), 635 So.2d 1118. However, the supreme court has been very reluctant to determine whether an employee is engaged in the trade, business, or occupation of the principal, and therefore, whether statutory employment exists in a motion for summary judgment. As such, in each of these three cases, the supreme court has reversed the grants of summary judgment on this particular issue.
In the case sub judice, we find that genuine issues of material facts exist as to whether the contract work for the storage, transportation, and disposal of hazardous bio-medical and medical waste was part of UMC's trade, business, or occupation of treating sick and injured people. The evidence in the record establishes, at the least, that UMC did not engage in the storage, transportation, and disposal of medical waste and that the storage, transportation, and disposal of medical waste was a specialized business because of Louisiana Department of Environmental Quality, United States Environmental Protection Agency, state and federal regulations. Notwithstanding the applicability of the integral relation test if that is the law, we conclude that there are genuine issues of material facts that are left unresolved. Thus, we find that the trial court erred in granting summary judgment in favor of the defendants. See Favron v. Gulf States Utilities Co., 93-1603 (La.App. 1 Cir. 11/23/94), 649 So.2d 983.
Since we have reversed the trial court's judgment in granting summary judgment in favor of the defendants, plaintiffs' final two assignments of errors regarding that judgment are moot.

CONCLUSION
For the foregoing reasons, the judgment of the trial court denying plaintiffs' motion to dismiss and/or continue the November 7, 1994 summary judgment hearing is affirmed. The judgment of the trial court granting summary judgment in favor of the defendants is reversed, and this case is remanded to the trial court for a disposition not inconsistent with this opinion. Costs of this appeal are assessed against the defendants.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NOTES
[1] Judge William N. Knight of the Thirty-first Judicial District participated in this decision as judge Pro Tempore by appointment of the Louisiana Supreme Court.