694 So.2d 514 (1997)
Roger BUTZMAN, III
v.
LOUISIANA POWER AND LIGHT CO., INC., Cypress Run Apartments, and ABC Insurance Company.
No. 96-CA-2073.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1997.
*516 Gregory D. Guth, Sacks & Smith, New Orleans, for Appellant.
E. Ross Buckley, Jr., Thomas, Hayes & Buckley, L.L.P., New Orleans, for Appellee Cypress Run Apartments, Inc.
Before KLEES, WALTZER and LANDRIEU, JJ.
LANDRIEU, Judge.
Plaintiff, Roger Butzman, III, appeals a trial court judgment dismissing his suit against one defendant, Cypress Run Apartments, on a motion for summary judgment. We affirm.
Butzman, an employee of Audubon Professional Home Improvement Co., Inc., was replacing gutters at Cypress Run in May 1994. He was allegedly electrocuted while attempting, without assistance, to move a sixteen-foot aluminum extension ladder. According to Butzman, the ladder was extended four to five steps above the sixteen-foot level when he lifted it an additional 1.5 to 2.5 feet to move it, causing it to contact an non-insulated high voltage power line.
Butzman sued Cypress Run, Louisiana Power and Light Co., Inc. (LP & L), the owner of the power line, and their insurer(s) in May 1995, alleging that Cypress Run was negligent in allowing the erection of and maintaining non-insulated power lines too close to the apartment buildings, in failing to warn of known dangers, and in failing to request the de-energizing of the power line while the gutter work was being done. Butzman was deposed in October 1995. Cypress Run filed its motion for summary judgment in April 1996. On May 22, 1996, two days before oral argument on the motion, Butzman filed requests for admission of fact, interrogatories, and for production of documents to both Cypress Run and LP & L. Cypress Run responded to all three discovery requests on June 5, 1996, and LP & L responded to Butzman's request for admission on June 11, 1996. The Trial Judge granted Cypress Run's motion on June 26, 1996. Butzman appealed.[1]
Butzman argues that summary judgment was inappropriate because there are contradictory *517 affidavits from Butzman and the manager of Cypress Run Apartments regarding prior electrocutions/electrical incidents at the complex, and discovery was not complete.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo; under this standard, appellate courts look at pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, in making an independent determination that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. Marigny v. Allstate Ins. Co., 95-0952, (La.App. 4 Cir. 1/31/96), 667 So.2d 1229 writ denied, 96-0693, (La.4/26/96), 672 So.2d 910. Supporting and opposing affidavits shall be made on personal knowledge and set forth facts that would be admissible in evidence. La.Code Civ. Proc. art. 967.
Butzman's affidavit states that while working at Cypress Run in 1995, several tenants told him that he was not the first worker electrocuted at the complex and that someone was electrocuted about a year before him and someone was electrocuted before that time. Also, Butzman states that he was advised by someone associated with LP & L that LP & L had recommended that Cypress Run move the power lines prior to his accident, but that Cypress Run refused to do so.
Butzman's affidavit is not based on personal knowledge, and its contents are obviously hearsay. It, therefore, does not comport with the requirements of La.Code Civ. Proc. art. 967. Moreover, an affidavit in opposition which contains hearsay statements and is aimed at impeaching the credibility of mover's affidavit does not create a material issue of fact to defeat summary judgment. Duplessis v. Warren Petroleum, Inc., 95-1794 (La.App. 4 Cir. 3/27/96), 672 So.2d 1019.
In contrast to Butzman's affidavit, Cypress Run submitted the affidavit of Gina Schwankhart, stating that she was the manager of Cypress Run when Butzman was injured. She further stated that she was aware of no prior accidents involving bodily injury caused by contact with the overhead power lines around the apartments, and that, during the gutter installation, neither Audubon nor its employees requested that the power lines be de-energized.
Butzman also argues that because LP & L admits to knowing that someone was electrocuted at Cypress Run in March 1993, Cypress Run must have known about this incident, and is therefore liable for failing to warn him of the danger. This argument is without merit because the discovery responses indicate that the current owners of Cypress Run acquired Cypress Run Apartments one month after the alleged March 1993 incident, and the only claim involving personal injury due to electrical wires that it knows of is Butzman's claim. Cypress Run acknowledges a subrogation claim for property damage to a tenant's car caused by a power line at the apartments on August 18, 1993.
Therefore, considering Cypress Run's discovery responses and given that Cypress Run's affidavit was based on personal knowledge and contained no hearsay, whereas Butzman's affidavit was deficient, we find that the Trial Judge was correct in concluding that there was no genuine issue of material fact as to whether Cypress Run had knowledge of prior electrocutions/electrical incidents at the apartments.
Butzman also argues that summary judgment is inappropriate because it was granted before written discovery was completed. La.CodeCiv.Proc. art. 966 provides that a motion for summary judgment may be made at any time. Furthermore, our jurisprudence holds that while parties must be given fair opportunity to carry out discovery and present their claim, there is no absolute right to delay action on motion for summary judgment until discovery is completed. Borne v. New Orleans Health Care, Inc., 580 So.2d 1070 (La.App. 4th Cir.), writ denied, 586 So.2d 533 (La.1991); Trahan v. State through Dept. of Health and Hospitals, 95-320 (La.App. 3 Cir. 10/4/95), 663 So.2d 242.
In this case, the record indicates that Butzman conducted no discovery until May 1996, twelve months after suit was filed and one month after the motion for summary *518 judgment was filed. Butzman had ample time for discovery and has offered no reason for his delayed requests. Butzman did not file a supplemental opposition to the motion for summary judgment nor does the record show that he sought a continuance to conduct additional discovery after the Trial Judge delayed in ruling on the summary judgment motion. Moreover, we do not find LP & L's apparent failure to answer discovery within a reasonable time relevant to Cypress Run's motion for summary judgment. Therefore, the Trial Court's decision to hear oral argument on Cypress Run's motion for summary judgment and then to rule on the motion after Cypress Run responded to discovery requests was within the Trial Judge's discretion.
Furthermore, considering the entire record, we find no error in the Trial Judge's decision to grant summary judgment in favor of Cypress Run, dismissing it from this lawsuit.
Cypress Run recognizes its duty to maintain its premises in a reasonably safe condition which extends to the discovery of any unreasonably dangerous condition or to warn a potential victim of its existence. Butzman, however, must prove that Cypress Run knew or should have known of an unreasonably dangerous condition and that it failed to take measures to protect against the resultant harm. Wiggins on behalf of Wiggins v. Ledet, 94-0485, (La.App. 4 Cir. 9/29/94), 643 So.2d 797.
A landowner will ordinarily not be found liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to the injured party as to the landowner. Shelton v. Aetna Cas. & Sur. Co., 334 So.2d 406 (La.1976). The duty which a landowner owes to persons entering his property is governed by a standard of reasonableness, and a potentially dangerous condition that should be obvious to all is not unreasonably dangerous. See Socorro v. City of New Orleans, 579 So.2d 931 (La.1991). Where a risk of harm is obvious, universally known, and easily avoidable, the risk is not unreasonable. Henshaw v. Audubon Park Com'n, 605 So.2d 640 (La. App. 4th Cir.), writ denied, 607 So.2d 570 (La.1992).
In his deposition, Butzman admitted that he was aware of the power line prior to his injury, he knew power lines were dangerous, he knew that LP & L should be called when there were potential problems with power lines, and he did not feel that this power line needed to be de-energized or moved. At the same time, Butzman acknowledged reading the safety instructions on the ladder which warned against using an aluminum ladder near power lines. Butzman does not dispute Cypress Run's claim that the horizontal and vertical location of the power line in question exceeded all industry and National Electrical Safety Code requirements. Given Butzman's position and knowledge, he should have known that the method he chose for moving the ladder was dangerous.
Not only has Butzman failed to sufficiently show he could prove that Cypress Run knew or should have known of an unreasonably dangerous condition, but Butzman, exercising reasonable care, we believe, could have averted the accident. Cypress Run is entitled to summary judgment as a matter of law.
Accordingly, we affirm the grant of summary judgment in favor of Cypress Run, dismissing it from this suit. All costs are assessed to Butzman.
AFFIRMED.
WALTZER, J., dissents with reasons.
WALTZER, Judge, dissenting.
I respectfully dissent from the majority's affirmance of the judgment dismissing plaintiff's petition against Cypress Run Apartments.
According to the affidavit of Gina Schwankhart, manager of Cypress Run, the Cypress Run gutters were being replaced in May, 1994 by Butzman's employer. She received no complaints about the overhead power lines, was aware of no prior accidents involving bodily injury caused by contact with the lines, and was not asked by Audubon *519 or its employees to de-energize or move the line struck by Butzman nor to contact LP & L in order to have them de-energize or move the line. At the time of the accident, the management office was closed, and she learned of the accident from another Audubon employee on Monday, 30 May 1994.
According to Butzman's affidavit, in 1995, while installing cable for Cable Marketing and Installation at Cypress Run, he spoke with several tenants concerning his 1994 electrocution and was advised that "someone was electrocuted about a year before" his injury and "someone was electrocuted prior to that." Further he was advised by an LP & L representative that LP & L had recommended that Cypress Run move the power lines prior to the accident, but that Cypress Run had refused to do so.
Summary judgments are reviewed on appeal de novo. Smith v. Our Lady of the Lake Hospital, 93-2512 (La.7/5/94), 639 So.2d 730. Act 9 of 1996, amending and reenacting La. C.C.P. art. 966, provides in pertinent part:
B.... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.
My review of the record leads me to conclude that Cypress Run failed to sustain its burden under La.C.C.P. art. 966(B) and (C). The record on appeal shows outstanding discovery requests directed by Butzman both to Cypress Run and to LP & L. The "answers to interrogatories and admissions" referred to in La. C.C.P. art. 966(B) had not been filed in the record at the time the trial court granted Cypress Run's Motion. According to the record on appeal, the case had not been set for trial. Since the requested discovery seeks to elicit information that could give rise to further discovery through depositions and requests for production of documents, I do not find that the parties have concluded "adequate discovery". Therefore, Cypress Run has not met the alternative requirements of adequate discovery or trial setting referred to in La. C.C.P. art. 966(C).
My review of the case chronology leads me to conclude that the inadequacy of the discovery is not attributable solely to Butzman. He filed his petition on 17 May 1995, less than one year after the injury of which he complains. Requests for service were filed and service was made on LP & L and on Cypress Run on 25 May 1995. Counsel for LP & L filed a motion for a thirty day extension of time on 9 June 1995 and Cypress Run filed a similar motion on 12 June 1995. On 7 July 1995 Cypress Run filed its answer. On 18 July 1995 LP & L filed its answer and affirmative defenses.
Cypress Run noticed a records deposition to Audubon Gutters, Inc., and Audubon Home Improvement Company, Inc. on 1 September 1995, and a notice of Butzman's deposition on 12 October 1995. On 31 October 1995 LP & L filed a supplemental and amending answer adding assumption of risk as a defense.
Cypress Run filed its motion for summary judgment on 9 April 1996. On 22 May 1996, Butzman filed a first set of interrogatories and request for production of documents to Cypress Run and requests for admissions of fact, request for production of documents and first set of interrogatories to LP & L. Attached to Cypress Run's appeal brief, but not otherwise appearing in the record, are copies of Cypress Run's response to requests for admissions of fact, to first set of interrogatories and to request for production. These bear certificates of service showing service on counsel for all parties by United States Mail on 5 June 1996. Attached to Cypress Run's appeal brief but not otherwise appearing in the record is an unstamped copy of LP & L's response to request for admissions *520 with certificate of service showing service on counsel of record by United States mail on 11 June 1996. On 26 June 1996, the trial court granted Cypress Run's motion for summary judgment.
On 3 July 1996, Butzman moved to compel LP & L's answers to interrogatories and response to request for production of documents. The court set a show cause hearing on 2 August 1996.
Attached to Cypress Run's appeal brief, but not otherwise appearing in the record, are copies of LP & L's response to interrogatories and to request for production of documents. These copies do not bear the date stamp of the Clerk of Civil District Court. The certificate of service shows service to counsel of record by United States mail on 29 July 1996, over a month after the trial court granted the motion for summary judgment. Clearly, the trial court could not have considered these responses in making its decision.
Assuming for purposes of argument that the discovery responses were filed in the district court roughly at the times shown on the certificates of service to counsel and, as to those served on counsel prior to 26 June 1996, their absence from the record is inadvertent, the chronology indicates that all parties were actively pursuing discovery, which had not been completed at the time the trial court granted Cypress Run's motion for summary judgment.
Cypress Run also contends that summary judgment was proper since Butzman admitted in his deposition that he was aware of the danger presented by overhead power lines and did not feel that the lines at Cypress Run presented any problems to him. Reading the deposition as a whole, together with Butzman's affidavit, it is clear that the comparative negligence of Butzman, given his awareness of the general danger posed by overhead power lines and that of Cypress Run and LP & L in the positioning of the lines and failure to move them after prior incidents are genuine issues of material fact that may not be resolved on summary judgment.
Therefore, I would reverse and remand the case to the trial court for further proceedings.
NOTES
[1] LP & L responded to Butzman's interrogatories and request for production of documents after this appeal was filed.