702 So.2d 72 (1997)
Eunice THORNTON, Plaintiff-Appellant,
v.
BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY and Agricultural and Mechanical College, et al., Defendants-Appellees.
No. 29898-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1997.
*73 James D. Caldwell, for Plaintiff-Appellant.
Casten & Pearce by Claude W. Bookter, Jr., Shreveport, for Defendant-Appellee.
Before MARVIN, C.J., and HIGHTOWER and PEATROSS, JJ.
PEATROSS, Judge.
In this personal injury action, Plaintiff, Eunice Thornton ("Ms.Thornton"), appeals an adverse judgment granting a motion for summary judgment in favor of Defendant Louisiana State University Medical Center ("LSUMC") and dismissing all of Ms. Thornton's claims against LSUMC. Ms. Thornton contends that the trial court evaluated the evidence and determined material facts in granting summary judgment and also failed to address an unresolved question of law. For the following reasons we amend the judgment of the trial court and, as amended, affirm.

FACTS
On December 13, 1993, Ms. Thornton exited the Louisiana State University Medical Center building in Shreveport accompanied by a Med-Express, Inc. employee. While walking down a concrete ramp, she came to an area covered with "damp leaves or other vegetation" and fell. Ms. Thornton suffered primarily from a broken knee cap as a result of the fall and filed suit against LSUMC, Med-Express, Inc. and its employee, Sarah Mercier. In her petition, Ms. Thornton alleged:
The exposed concrete aggregate surface of the sidewalk or plaza area in front of the Medical Center presented an unreasonable risk of injury to persons traversing the area for several reasons, including but not limited to the following:
a) The presence of wet or damp leaves or vegetation posing a slip hazard to pedestrians; and
b) Exposed aggregate surface that became slick or slippery when wet posing an unreasonable risk to pedestrians.
LSUMC filed a motion for summary judgment alleging that Ms. Thornton could not prove that there was a defect in the property that was the cause-in-fact of her alleged injuries or that the area where she fell was defective. The trial judge stated in his judgment that, "... there was no genuine issue of material fact showing that the premises was defective because it had leaves on it and/or as a matter of law, the leaves on the premises did not create a dangerous condition ..." (Emphasis added.) The trial court granted summary judgment in favor of LSUMC and dismissed all of Ms. Thornton's claims.

DISCUSSION
Appellate courts review summary judgment de novo under the same criteria that govern the district court's considerations regarding the appropriateness of summary judgment. Bockman v. Caraway, 29,436 (La.App.2d Cir. 4/2/95), 691 So.2d 815; Gleason v. State Farm, 27,297 (La.App.2d Cir. 08/23/95), 660 So.2d 137, writ denied, 95-2358 (La.12/15/95), 664 So.2d 454. A motion for summary judgment is properly granted if the *74 pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.
The legislature, in Acts 1996, 1st Ex.Sess., No. 9, amended La. C.C.P. art. 966[1] to legislatively overrule the jurisprudential presumption against summary judgment. Hayes, supra; Berzas v. Oxy USA, Inc., 29,835 (La.App.2d Cir. 9/24/97), 699 So.2d 1149. The amendment "leveled the playing field" between the parties by allowing the supporting documents submitted by the two parties to be scrutinized equally and removing the overriding presumption in favor of trial on the merits. Hayes v. Autin, 96-287 (La.App. 3d Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. The 1996 amendment also brought the Louisiana standard for summary judgment closely in line with Federal Rule of Civil Procedure 56.
The legislature, in Acts 1997, No. 483, again amended La. C.C.P. art. 966 in an attempt to clarify Acts 1996, 1st Ex.Sess., No. 9, and to legislatively overrule all cases inconsistent with Hayes, supra. In addition, the 1997 amendment to La. C.C.P. art. 966(C) incorporates the federal jurisprudential scheme on summary judgment so that if the moving party points out an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the nonmoving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the nonmoving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted. Berzas, supra. Additionally, as noted in La. C.C.P. art. 967, the opposing party cannot rest on the mere allegations or denials of his pleadings, but must present evidence which will establish that material facts are still at issue. Bockman, supra.
In its motion for summary judgment, LSUMC argues that, even assuming the leaves were present on the walkway, Ms. Thornton acknowledged in her deposition that she was aware of the leaves and the possibility that she could slip and fall. LSUMC contends, therefore, that it is not liable for Ms. Thornton's injuries because a landowner is not liable for an injury resulting from a condition which should have been observed by an individual in the exercise of reasonable care or which was as obvious to the visitor as to the landowner.
In her opposition to the motion for summary judgment, Ms. Thornton argues that summary judgment is not suitable for cases which require a judicial determination of subjective facts such as knowledge. As for her observation of the leaves on the ramp, Ms. Thornton points to her deposition testimony wherein she states that she attempted to avoid the wet leaves, but was unable to do so because the walkway was crowded with people.
While a public entity is obligated to maintain its sidewalks in a reasonably safe condition, a pedestrian has a duty to see that which should have been seen. La. C.C. art 2317; LSA-R.S. 9:2800; Boddie v. State, 27,-313 (La.App.2d Cir. 9/27/95), 661 So.2d 617. A pedestrian is not required to look for hidden dangers, but she is bound to observe her course in order to see if her pathway is clear. Boddie, supra; Carr v. Covington, 477 So.2d 1202 (La.App. 1st Cir.1985), writ denied, 481 So.2d 631 (La.1986). The duty which a landowner owes to persons entering his property is governed by a standard of reasonableness, and a potentially dangerous condition that should be obvious to all is not unreasonably dangerous. Butzman v. Louisiana Power and Light Co., Inc., 96-2073 (La.App. 4th Cir. 4/30/97), 694 So.2d 514. Where a risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable. Butzman, supra; Henshaw v. Audubon Park Com'n, 605 So.2d 640 (La.App. 4th *75 Cir.1992), writ denied, 607 So.2d 570 (La. 1992).
At her deposition, the following exchange occurred between Ms. Thornton and counsel for LSU:
Q: And where were you when you first saw that there were leaves on this walkway where you fell?
C: Right at the top of the ramp before you go down.
Q: Yes, right where that first set of steps starts?
A: Yeah, you could see the leaves all down there across the whole walkway.
Q: I take it from what you've said so far today that the leaves being on the walkway concerned you?
A: Well, yes, because I know that leaves will make you fall or slip or something if they're wet and on something and you step in them. I mean, I've just learned that in my 50-something years of existence.
Q: So, do you remember when you're at the top of the stairs and you saw the wet leaves, do you remember thinking that to yourself that those are dangerous and I'll have to be careful?
A: I did think that.
Ms. Thornton also acknowledged that there was at least one other available walkway that was not covered with leaves.
From the evidence presented, we conclude that summary judgment was proper in this case. Ms. Thornton admits in her deposition that she was aware of the leaves covering the walkway and the possible danger they could pose. Ms. Thornton, however, chose to walk over the leaves rather than utilizing other available walkways that were not covered with leaves or vegetation.
In her second assignment of error, Ms. Thornton claims that the trial judge did not resolve whether the aggregate concrete surface created a dangerous condition as alleged in her petition. We agree with Ms. Thornton that the trial court failed to address this issue raised in the original petition. The trial court has not determined whether the material used to build this walkway created a dangerous condition when it became wet, and whether this condition was a cause-in-fact of Ms. Thornton's injuries. The trial court's judgment specifically addresses only the leaves. For this reason, we consider the trial court's judgment to be a partial summary judgment and amend it so as to dismiss only the claims against LSUMC involving the wet leaves or vegetation. We remand this case to the trial court for resolution of the remaining issue involving the aggregate concrete surface.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is amended and, as amended, affirmed. Costs of this appeal are assessed to the Plaintiff.
AMENDED AND AFFIRMED.
NOTES
[1] This court has determined that the recent amendments to La. C.C.P. art. 966 are procedural in nature and, therefore, are subject to retroactive application. See NAB Natural Resources v. Willamette Industries, 28,555 (La.App.2d Cir. 8/21/96), 679 So.2d 477 and Berzas v. Oxy USA, Inc., 29,835 (La.App.2d Cir. 9/24/97), 699 So.2d 1149.