# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 09-634

MORENO PROPERTIES TWO, L.L.C.

VERSUS

ACADIANA INVESTMENT GROUP, L.L.C., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20075918
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and Billy Howard Ezell, Judges.

AFFIRMED.

Marc W. Judice
Judice & Adley
P. O. Drawer 51769
Lafayette, LA 70505-1769
Telephone: (337) 235-2405
COUNSEL FOR:
    Defendant/Appellee - Acadiana Investment Group, L.L.C.

Nicholas Francis LaRocca, Jr.
P. O. Box 2466
Morgan City, LA 70381-2466
Telephone: (985) 385-4800
COUNSEL FOR:
    Other Appellant - Charles Richard

**John William Kolwe**
**Kyle M. Bacon**
**Longman Russo**
**Jones, Walker, Waechter, Poitevent, Carrére & Denégre, L.L.P.**
**600 Jefferson Street - Suite 1600**
**Lafayette, LA 70501**
**Telephone: (337) 262-9000**
**COUNSEL FOR:**
  **Plaintiffs/Appellees - Dynamic Industries, Inc., Michel B. Moreno,**
  **Moreno Properties Two, L.L.C., and James Sandlin**

**Timothy Wayne Basden**
**Breaud & Meyers**
**P. O. Drawer 3448**
**Lafayette, LA 70502**
**Telephone: (337) 266-2200**
**COUNSEL FOR:**
  **Defendant/Appellee - Bart Broussard**

**THIBODEAUX, Chief Judge.**

Appellant, Charles Richard, asserts that the trial court erred by granting a summary judgement in favor of Michel Moreno and two out of three companies he owns, Moreno Properties, L.L.C. and Dynamic Industries, Inc. (collectively, "dismissed appellees"). The trial court found that there was no genuine issue of material fact with respect to Richard's claim of contract breach against the dismissed appellees. For the following reasons, we affirm.

I.

## ISSUE

We shall consider whether Richard can defeat the dismissed appellees' motion for summary judgment where the dismissed appellees did not sign and did not, in writing, authorize an agent to sign for them the allegedly breached contract to buy Richard's property and where limited discovery preceded the summary judgment.

II.

## FACTS AND PROCEDURAL HISTORY

This dispute arises out of a failed real estate transaction. Richard, as the seller, and James E. Sandlin, as the buyer, signed an agreement, effective May 1, 2007, to purchase and sell commercial property that Richard owned in Iberia Parish. On May 7, 2007, the required $50,000 deposit, drawn on the account of Moreno Properties Two, L.L.C. (MP II), was issued. The agreement provided for a sixty-day contingency period during which the purchaser had to undertake various inspections of the property. If the purchaser was not satisfied with the result of these inspections, the purchaser had the right to cancel the agreement during the contingency period by submitting a written notice of the cancellation.

Immediately before the contingency period expired, on June 29, 2007, Sandlin signed an addendum to the agreement that would have extended the contingency period by forty-five days. Richard never signed this addendum. In his affidavit, Sandlin stated that, based on the representations of the real estate agent, he considered the agreement cancelled if Richard did not sign the addendum. Yet, neither he nor the agent submitted a written cancellation notice during the contingency period.

Around July 19, 2007, Sandlin and Richard, along with their real estate agents, had a meeting. Sandlin's affidavit indicated that, from this meeting, he understood Richard agreed to extend the contingency period and either signed or would be signing the addendum. On the other hand, Richard's interrogatory response indicated that the meeting was to schedule the closing date. Richard further stated that he emphatically refused to extend the contingency period.

On August 8, 2007, Sandlin signed a release from the agreement and sent it to Richard's agent. Richard refused to sign the release. In his response to an interrogatory, Richard stated that the transaction was never cancelled and that the purchaser merely breached the contract. Richard also noted that he never signed an extension and denied twice the purchaser's request to extend the contingency period.

MP II, claiming that it terminated the agreement according to its terms, filed this suit against Richard and his agent, Acadiana Investment Group L.L.C. (Acadiana), for the return of the $50,000 deposit. MP II claimed that Sandlin acted as its agent when he signed the agreement. Although Sandlin did not have a written mandate to purchase this property, Moreno Properties, L.L.C., the sole member of MP II, through its manager, Michel Moreno, signed a document, dated December 11, 2008, by which it ratified and adopted acts of Sandlin as the acts of MP II.

Acadiana petitioned for concursus, naming MP II and Richard as the defendants-in-reconvention. Relieving Acadiana of any liability with respect to the $50,000 deposit, the trial court ordered Acadiana to deposit $50,000 into the court's registry and ordered defendants-in-reconvention to assert their claims against each other.

Richard answered MP II's petition and asserted a cross claim against Michel Moreno and Moreno Properties, L.L.C., claiming that he entered into the purchase and sale agreement with Michel Moreno. Asserting that Moreno breached the agreement by failing to conclude the purchase of the property, Richard sought specific performance or damages according to the agreement. Richard then answered Acadiana's concursus petition and cross-claimed for negligence against Acadiana. Richard asserted that Acadiana's broker represented to him that Michel Moreno was the purchaser of the property. Richard stated, in his answer to an interrogatory, that Michel Moreno signed the original offer to buy the property that Richard rejected. Based on Acadiana's representation and the circumstances of the original offer to buy, Richard alleged that he signed the agreement with the purchaser's name blank, thinking that he was transacting with Michel Moreno.

After the parties filed various exceptions, as well as additional and amending pleadings, Richard's cross claim was asserted against Sandlin, Michel Moreno and two of his three companies, Moreno Properties, L.L.C. and Dynamic Industries, Inc. Depositions of several individuals, including Michel Moreno and Sandlin, were scheduled for March 16 and 17 of 2009. On December 17, 2008, the dismissed appellees and Sandlin filed a motion for summary judgment. Richard filed a motion to continue the hearing on the motion for summary judgment until after the scheduled depositions and further written discovery take place. The trial court denied

3

the motion to continue and granted a summary judgment in favor of all of the movants except Sandlin.

Richard appealed, arguing that the summary judgment was premature. Pointing to La.Code Civ.P. art. 966C(1) that requires adequate discovery prior to summary judgment, Richard asserted that discovery was not adequate because oral depositions of key witnesses and parties were not undertaken and much of the written discovery remained to be carried out. Richard also asserted that because the discovery would proceed as scheduled despite the dismissal of some parties, there would be no prejudice in postponing the hearing. Moreover, Richard argued that additional discovery may produce evidence of fraud, an exception to the parol evidence rule. Finally, Richard contended that the grant of summary judgment was an error because there were genuine issues of material fact.

The dismissed appellees, on the other hand, argued that Louisiana law requires a sale or promise of a sale of an immovable to be in writing. They asserted that Richard can point to no agreement where the dismissed appellees signed a promise to buy the property. Therefore, the dismissed appellees maintained, further discovery was not necessary for summary judgment purposes. The dismissed appellees further argued that a mandate to buy an immovable must also be in writing. Thus, because Richard could not establish that the dismissed appellees gave a written mandate nor that further discovery would produce such documents, they were entitled to judgment as a matter of law.

III.

## STANDARD OF REVIEW

Appellate courts review summary judgments de novo. *Guilbeaux v. Times of Acadiana, Inc.*, 96-360 (La.App. 3 Cir. 3/26/97), 693 So.2d 1183, *writ denied*, 97-1840 (La. 10/17/97), 701 So.2d 1327. The denial of a motion to continue in order to complete discovery prior to an action on a motion for summary judgment the appellate courts review for abuse of discretion. *Trahan v. State Through Dep't of Health & Hosps.*, 95-320 (La.App. 3 Cir. 10/4/95), 663 So.2d 242.

IV.

## LAW AND DISCUSSION

Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). "After adequate discovery[,] . . . a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted." La.Code Civ.P. art. 966(C)(1). The initial burden of proof to show there is no genuine issue of material fact remains with the movant. *Hutchinson v. Knights of Columbus, Council No. 5747*, 03-1533 (La. 2/20/04), 866 So.2d 228. If the movant has made a prima facie case that the motion should be granted, the burden shifts to the adverse party to produce enough evidence to show that some issues of material fact remain. *Id.* If the non-moving party fails to produce the evidence, the court must grant the motion as a matter of law. *Id.*

"A sale or promise of sale of an immovable must be made by authentic act or by act under private signature, except as provided in Article 1839."

5

La.Civ.Code art. 2440. "A transfer of immovable property must be made by authentic act or by act under private signature. Nevertheless, an oral transfer is valid between the parties when the property has been actually delivered and the transferor recognizes the transfer when interrogated on oath." La.Civ.Code art. 1839.

"When the law requires a contract to be in written form, the contract may not be proved by testimony or by presumption, unless the written instrument has been destroyed, lost, or stolen." La.Civ.Code art. 1832. "Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent . . . ." La.Civ.Code art. 1848. Fraud is one of the vices of consent. La.Civ.Code art. 1948.

"[W]hen the law prescribes a certain form for an act, a mandate authorizing the act must be in that form." La.Civ.Code art. 2993. Finally, "an appellate court may not decide issues the trial court did not consider." *Ducote v. Union Pac. R.R. Co.*, 08-1208 (La.App. 3 Cir. 2/4/09), 4 So.3d 240, *writ denied*, 09-940 (La. 6/5/09), 9 So.3d 877 (citing *Gorham v. Mathieson Alkali Works, Inc.*, 27 So.2d 299 (La.1946)).

Here, the dismissed appellees established their prima facie case that they were not parties to the contract to buy Richard's property because they did not sign Richard's offer to sell. The burden then shifted to Richard to produce some evidence that would indicate there was a genuine issue of fact for trial. While Richard made several arguments, he produced no such evidence. For example, Richard stated that the depositions of key witnesses in this case, Michel Moreno and Sandlin, may produce confessions that the dismissed appellees were, in fact, parties to the contract at issue. These confessions would, in turn, support the exception to the requirement

6

that the contract involving an immovable be in writing. This court finds that this potential eventuality does not satisfy Richard's burden of *production*.

Richard further argued that the actions of the buyer(s) in this case were "tantamount to fraud." Richard alleged that because fraud is one of the exceptions to the parol evidence rule, that dismissed appellees did not sign the contract was not dispositive of his claims against them. Yet, Richard did not allege fraud in his petition, thus preventing the trial court's consideration of the issue. Therefore, we do not review it on appeal.

It is true that further discovery in this case was going to proceed regardless of the decision on this summary judgment motion. Furthermore, we agree with Richard that because no prejudice would have resulted, postponing the decision on this motion until after the depositions took place would have been more economical, prudent, and practical. Nonetheless, the trial courts have wide discretion in determining the adequacy of discovery. Because Richard did not sustain his burden of production, we do not find abuse of that discretion here.

Based on the considerations above, we do not find an error in the trial court's grant of summary judgment in favor of the dismissed appellees.

V.

**CONCLUSION**

Summary judgment in favor of Moreno Properties, L.L.C., Dynamic Industries, Inc., and Michel Moreno is affirmed. Costs of this appeal are assessed to Charles Richard.

**AFFIRMED.**